**UNITED STATES of America**

v.

**Peter JOSEPH, Also Known as Pete Joseph, Appellant.**

**Nos. 13150, 13151.**

United States Court of Appeals Third Circuit.

Argued May 5, 1960.

Decided May 16, 1960.

Rehearing Denied June 6, 1960.

Stanford Shmukler, Philadelphia, Pa. (Jacob Kossman, Philadelphia, Pa., on the brief), for appellant.

James Paul Dornberger, Asst. U. S. Atty., Philadelphia, Pa. (Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before KALODNER, HASTIE and FORMAN, Circuit Judges.

PER CURIAM.

■ These appeals are from convictions on charges of willful failure to pay the special occupational tax on wagering and willful failure to file excise tax returns on wagers. We are satisfied that the guilt of the accused was adequately established at the trial and that the record reveals no reversible error.

■ Most of the issues presented on these appeals concern the issuance and execution of a search warrant which yielded important evidence against appellant. A principal objection challenges the use of hearsay evidence in determining probable cause for the issuance of the warrant. The propriety of this course is now clearly established by the decision of the Supreme Court in Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. Beyond the propriety of considering such hearsay, we are satisfied that the totality of the circumstances brought to the attention of the issuing officer made it reasonable for him to credit and believe the basic hearsay assertion that the place to be searched was being used for conducting a wagering business.

■ We have also considered that the search warrant authorized a daytime search and that the actual searching of the premises in question, which began about four o'clock in the afternoon, was not completed until after ten o'clock at night. However, the evidence does not show that the search made after nightfall was more than a reasonable continuation of the search which began in the afternoon. On the present record the conduct of the searching officers was within the authorization of the warrant.

■ No other point requires discussion. We do, however, make explicit our conclusion that, in the light of United States v. Kahriger, 1953, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754, there is no merit in an attack which the appellant makes on the constitutionality of the wagering statute.

Conviction and sentence will be affirmed.