**UNITED STATES of America**

v.

**Walter ESCOTT.**

**Cr. No. 62–112–C.**

United States District Court
D. Massachusetts.

May 22, 1962.

W. Arthur Garrity, U. S. Atty., Paul Redmond, Asst. U. S. Atty., for plaintiff.

John Fitzgerald, Boston, Mass., for defendant.

CAFFREY, District Judge.

Defendant has been charged in a two-count information with violation of 26 U.S.C.A. § 7203. Defendant filed a motion for return of property and to suppress evidence. At the oral argument of the motion, defendant through his counsel waived four of the five grounds set out in the motion and indicated that his reliance was placed on Ground 3 thereof: "The warrant was illegally and unreasonably executed." The defendant and two Government agents took the stand and testified with regard to the time of the execution of the search warrant by the Deputy United States Marshal and the Special Agent of the Intelligence Division, United States Treasury Department, who cooperated with the Marshal in the search.

While there was a conflict of testimony as to the time the Government agents entered defendant's premises, I find that they entered defendant's premises at 6:00 P.M., at which time they placed defendant under arrest and proceeded to execute the search warrant. I further find that the search continued from 6:00 P.M. to about 7:30 P.M. It was stipulated that on April 5, 1962, the date on which the search took place, sunset occurred at 6:14 P.M.

I rule that this search, which was begun before sunset, pursuant to a properly executed search warrant, was neither unreasonable nor illegal. See United States v. Joseph, D.C., 174 F. Supp. 539, aff'd 278 F.2d 504 (3 Cir. 1960).

The motion for return of property and to suppress evidence is denied.