198 N.W.2d 260 (1972)
In re appeal from PROBATE COURT, HENNEPIN COUNTY, Minnesota, in the estate of Christ M. Balafas, decedent.
Matthew BALAFAS, a. k. a. Matheos K. Balafas, contestant, Respondent,
v.
Pericles ANGELOS, a. k. a. Pat Angelos and Stamata Angelos, Appellants.
No. 43087.
Supreme Court of Minnesota.
April 14, 1972.
Rehearing Denied May 31, 1972.
Leslie Erickson, Minneapolis, for appellants.
Robins, Davis & Lyons and James A. Karigan and Sidney S. Feinberg, Minneapolis, for respondent.
Heard before KNUTSON, C. J., and MURPHY, ROGOSHESKE, and PETERSON, JJ.
ROGOSHESKE, Justice.
Appellants, Pericles and Stamata Angelos, proponents of a will executed by decedent, Christ M. Balafas, on October 6, 1969, appeal from the denial of their post-trial motion for a new trial and from a judgment reversing an order of the Hennepin County probate court admitting the will to probate, upon findings by the trial court after a 6-day trial that the will was the result *261 of undue influence exercised over the testator by appellants. An advisory jury of six, upon correct and unchallenged instructions on the applicable law, returned a finding in the form of a special verdict to the same effect. The trial court adopted the jury's finding as its own and as consistent with its independently reached determination.
The primary and dispositive issue presented is whether the evidence supports the extensive and detailed findings of the trial court. Our careful reading of the transcript of over 700 pages convinces us that, upon the evidence taken as a whole, the findings are in no respect clearly erroneous. Accordingly, we affirm.
Our prior contested-will cases are replete with statements that we will not set aside findings of a trial court sitting without a jury unless they are "manifestly and palpably" contrary to the evidence viewed in the light most favorable to the respondents.[1] However, the scope of our review of findings made by a court sitting without a jury, or with an advisory jury, should now be stated in the language of Rule 52.01, Rules of Civil Procedure. The rule provides in part:
"* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."
The "clearly erroneous" rule is incapable of precise definition. However, as it has been applied both by the Federal courts and by this court, the rule, identical for both court systems, clearly establishes a broader scope of appellate review than that applied when the court is reviewing findings of a jury or of an administrative tribunal. See, Minneapolis Van & Warehouse Co. v. St. Paul Terminal Warehouse Co. 288 Minn. 294, 180 N.W.2d 175 (1970).[2] Indeed, the scope of review under this rule may now be regarded as the broadest exercised by an appellate court for, even though there is evidence to support a finding, the finding can be held to be clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Oregon State Medical Society, 343 U.S. 326, 339, 72 S.Ct. 690, 698, 96 L.Ed. 978, 988 (1952); United States v. United States Gypsum Co. 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766.[3]
No useful purpose would be served in setting forth the facts and circumstances of this unfortunate family dispute concerning the disposition of the very substantial estate accumulated by an illiterate, unmarried, Greek immigrant during his 79 years of life.[4] It is sufficient to say that the direct evidence of the absence of undue influence submitted by the testator's adopted daughter, Stamata Angelos, (a proponent of the will) and her witnesses was in direct and irreconcilable conflict with the inferences which could reasonably be drawn from the circumstantial evidence submitted by the testator's nephew, Matheos Balafas, (the contestant, who was in effect disinherited by the 1969 will) and his witnesses. In denying appellants' post-trial motion, which included proposed amended findings favorable to appellants on two critically disputed facts  namely, whether *262 or not Stamata actively participated in the preparation of the will and whether or not she was present at its execution , the trial judge observed:
"* * * The conflicts in testimony were so marked that a reasonable, dispassionate observer was forced to the conclusion that false testimony was being presented."
In resolving the conflict, the judge, and quite likely the jury, chose to rely heavily on the testimony of the testator's financial adviser, longtime friend, and trusted confidante, whose loyalty to the testator's often-declared intention to treat his nephew and adopted niece equally, whose lack of prejudice, and whose want of interest in the outcome of the case are demonstrated even from a reading of a cold record. In disclosing his reliance upon that testimony, the trial judge wrote:
"His testimony was strongly corroborative of the description by [contestant] of a course of conduct by Stamata and Pat Angelos designed to force an elderly, sick, illiterate man to change drastically the planned disposition of his property, both real and personal, in their favor. This course of conduct culminated in execution of the will signed during his terminal hospitalization, approximately twenty-four hours before his death."
In summary, the trial judge's resolution of the disputed fact issues turned upon his assessment of the credibility of the witnesses, whose testimonial demeanor he and the advisory jury only could observe. Affording the witnesses' testimony the full weight and persuasive quality the trial court found it had, there is no justification for our interference either on the basis of lack of evidentiary support or because of a conviction that a mistake has been committed.
We have also considered and find no merit in appellants' claims of misconduct of respondent's counsel and of errors by the trial court on ruling on the admissibility of evidence.
Affirmed.
TODD, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.
NOTES
[1] See, e. g., In re Estate of Anthony, 265 Minn. 382, 121 N.W.2d 772 (1963); In re Estate of Reay, 249 Minn. 123, 81 N. W.2d 277 (1957).
[2] See, also, Ilsen and Hone, Federal Appellate Practice as Affected by the Rules of Civil Procedure, Federal Rules of Civil Procedure with Approved Amendments, 359, 416 (1947 Rev.ed.), and earlier version appearing in 24 Minn.L.Rev. 1, 32.
[3] See, also, State, by Head, v. Paulson, 290 Minn. 371, 188 N.W.2d 424 (1971); State, by Burnquist, v. Bollenbach, 241 Minn. 103, 63 N.W.2d 278 (1954).
[4] For the history of the part of his estate acquired by inheritance from his brother, see Balafas v. Balafas, 263 Minn. 267, 117 N.W.2d 20 (1962).