IN RE REAL ESTATE TAX ASSESSMENTS OF
REAL PROPERTY OF SILVER LAKE APARTMENTS, INC.
v. COUNTY OF OLMSTED.

204 N. W. 2d 415.

February 2, 1973—Nos. 42670, 43464, 43465.

*Mastor & Mattson* and *Richard J. Gunn,* for appellant.

*D. P. Mattson,* County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and MacLaughlin, JJ.

PER CURIAM.

These are appeals from orders denying alternative motions for amended findings of fact, conclusions of law, and order for judgment, or a new trial.

Taxpayer, Silver Lake Apartments, Inc., owns a complex of apartment buildings in Rochester, Olmsted County, Minnesota. The complex, built in 1950, has 8 buildings with a total of 126 apartments. Olmsted County determined that the full and true value of the complex for tax purposes was $332,940. Taxpayer commenced separate actions contesting the real estate taxes payable in 1967, 1968, and 1969, alleging that the evaluation was excessive. The actions were consolidated for trial and appeal.

The trial court found the full and true value of the complex to be $281,000, and the fair market value to be $843,000, for each of the years in question. Taxpayer argues that the fair market value does not exceed $750,000 and vigorously contends that the evidence does not support the trial court's evaluation.

Both parties employed competent, independent appraisers to establish the fair market value of the property. Taxpayer's appraiser testified that by use of the various accepted and customary appraisal approaches to determine valuation, he arrived at values ranging from ap-

proximately $713,600 to $750,000. After considering and weighing all approaches, he valued the property at $727,500. The county's appraiser, again using the customary appraisal approaches, arrived at values ranging from $856,000 to $875,000 and testified that the fair market value was $875,000. The only other appraisal witness was the county assessor. Using only one approach in his appraisal, the depreciated replacement cost, he determined the value to be slightly in excess of $1 million. On cross-examination it was effectively established that the assessor's use of only this one approach was an inadequate basis to establish the value of the subject premises.

Taxpayer alleges that the trial court's memorandum overstates the price paid for the property in 1966, and that in the same memorandum the trial court, in computing an "income approach" to valuation, overstates the actual rents that had been received in the past by taxpayer from the property.

A review of the record discloses that the trial court did misstate the price paid by taxpayer for the property. However, the selling price of property, if admitted into evidence, is not conclusive on the question of value. Schleiff v. County of Freeborn, 231 Minn. 389, 43 N. W. 2d 265 (1950). It also appears that the trial court, in his rather gratuitous computation of valuation based upon income, overstated the actual past rentals from the apartments. While the trial court commented that he was not disposed to consider so-called "economic rents" (i.e., the reasonable rents which could be obtained from these apartments in the Rochester market, based upon a comparison with the rentals of similar apartments in that area), there was evidence that the rents for the apartments had not been increased for 9 years and that, in fact, a greater rental income could be obtained than was reflected by the actual income received by the taxpayer.

In any event, the trial court did not rely upon any single factor in his determination of value. He explained in his memorandum:

"* * * This value is determined by considering *all* factors which influence that market value. The rental income is one factor; in fact, a very important factor * * *. But it is not the only factor; such other factors were testified to in this case and are present."

A trial court's valuation of property for tax purposes must be sustained upon review unless it is clearly erroneous in the sense that it is not reasonably supported by the evidence as a whole. Lindahl v. State, 244 Minn. 506, 70 N. W. 2d 866 (1955); Wagner v. Commr. of Taxation, 258 Minn. 330, 104 N. W. 2d 26 (1960). The finding can be held to be clearly erroneous if the reviewing court on the entire evidence is left

with a definite and firm conviction that a mistake has been committed. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972). Considering the entire evidence, including the opinions of the appraisal witnesses, we hold that the determination of fair market value by the trial court is not clearly erroneous.

Taxpayer also contends that the trial court erred in allowing into evidence the report of the county's independent appraiser. Specifically, taxpayer objects that the report contained actual sale prices of so-called "comparable properties" used by the appraiser in reaching his valuation. We held in State, by Lord, v. Winiecki, 263 Minn. 86, 115 N. W. 2d 724 (1962), in which the issue before the jury was the valuation of property for condemnation purposes, that the consideration paid for other property is inadmissible on direct examination as substantive proof of the reasonable market value of the property being taken. That case explained the reason for the rule as follows (263 Minn. 91, 115 N. W. 2d 727):

"* * * The basis for the rule is readily understood. It is very seldom that two properties are alike in every respect, so that the price paid for one would be a clearcut indication as to the reasonable market value of the other. The surrounding circumstances, the reasons for the sale or purchase, and many other factors may affect the sales price of the one but in no way affect the value of the other."

Inasmuch as the same question is involved here as in the Winiecki case, that is, the fair market value of property, it is clear that it was error to admit the sales prices of the allegedly comparable properties. However, the error was without substantial prejudice to the taxpayer. The case was heard by the court sitting without a jury. Taxpayer thoroughly cross-examined the county's appraiser and effectively distinguished the alleged comparable properties from the subject property. The trial court was surely aware that none of these sales was by itself a clear indication of the reasonable market value of the disputed property. We do not believe this error was sufficient to justify a new trial.

Affirmed.