NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY v. CALVIN NYBORG, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF ROBERT DEAN NYBORG, A MINOR, AND OTHERS.

204 N. W. 2d 438.

February 16, 1973—Nos. 43696, 43697.

*Erickson, Zierke, Kuderer & Utermarck* and *Elton A. Kuderer,* for plaintiff appellant.

*Lindquist & Vennum, Robert J. Sheran,* and *Daryle L. Uphoff,* for appellant Deutschman.

*Muir, Lundblad, Meyer & Storey* and *John M. Lundblad,* for respondent Nyborg.

*Winzenburg & Halloran* and *John I. Halloran,* for respondent Salzwedel.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Olson, JJ.

PER CURIAM.

Appeals from an order denying an alternative motion for judgment notwithstanding the verdict or a new trial. We affirm.

The issue is whether, by reason of its representations through its agent, plaintiff, National Farmers Union Property and Casualty Company, is equitably estopped from denying coverage of defendant Harley William Salzwedel's 1960 Chevrolet.

This case is before us for the second time. National Farmers Union Property & Cas. Co. v. Nyborg, 290 Minn. 191, 186 N. W. 2d 702 (1971). The facts are completely stated in that opinion but will be briefly restated here. Defendant Salzwedel is a Lakefield, Minnesota, farmer. In the summer of 1965, he bought a 1952 Ford and insured it with plaintiff, through plaintiff's agent, Elmer Deutschman, a named defendant. In the early spring of 1966, Salzwedel bought a 1957 Ford and drove the 1952 Ford to an unoccupied farm site. He then sent a postcard to Deutschman requesting transfer of the insurance from the 1952 Ford to the 1957 Ford. Before Salzwedel received a response from plaintiff, agent Deutschman visited Salzwedel's home to audit a farm liability policy. According to the testimony of Salzwedel and his wife, they asked Deutschman about the transfer of automobile insurance from the 1952 Ford to the 1957 Ford. Deutschman replied, in effect, that the transfer was completed but that, in any event, they had 30 days after purchasing the 1957 Ford to effect the transfer.[1] Deutschman denied having any conversation relating to automobile insurance during the visit to audit the farm liability policy. A few days later, Salzwedel received an endorsement from plaintiff stating that the 1957 Ford was insured. No new application was required; no coverage lapse occurred;

---

[1] Apparently, the 30-day grace period applied only to acquisition of an additional vehicle when *all* vehicles of the insured were covered by plaintiff. Deutschman knew that Salzwedel owned vehicles which were not insured by plaintiff.

no increased premium was assessed or due when the transfer of insurance occurred.

On May 24, 1966, Salzwedel purchased a 1960 Chevrolet. He drove the 1957 Ford to the unoccupied farm site, where it remained near the 1952 Ford until sold. Although Salzwedel intended to use the 1960 Chevrolet as a family car and no longer intended to use the 1957 Ford, he failed to immediately inform plaintiff of his desire to transfer the insurance because, based on his conversation with agent Deutschman, he thought he had 30 days in which to do so. On June 5, 1966, less than 30 days after the purchase of the 1960 Chevrolet, Salzwedel, while driving the 1960 Chevrolet, was involved in an accident with a motorbike operated by one Robert Dean Nyborg.

Thereafter, plaintiff brought this declaratory judgment action against Salzwedel, Deutschman, and Calvin Nyborg, the parent and natural guardian of the minor Robert Nyborg injured in the accident, asking the court to declare that Salzwedel's 1960 Chevrolet was not insured by plaintiff.

Under the written terms of the policy, the car was covered only if it replaced the 1957 Ford. The special verdict of the advisory jury was:

1. Did Deutschman tell Salzwedel that he had 30 days in which to apply for a transfer of insurance from one automobile to another automobile? Answer: Yes.

2. Was the 1960 Chevrolet Station Wagon a replacement automobile for the 1957 Ford? Answer: Yes.

The trial court adopted the findings of the advisory jury and found against plaintiff, stating in its findings of fact that the 1960 Chevrolet was a replacement vehicle. Presumably because its decision made the estoppel issue moot, the trial court did not make findings sufficient to determine whether estoppel applied. On the first appeal, we held that, as a matter of law, the 1960 Chevrolet was not a replacement automobile since the 1957 Ford was still operable and still owned by Salzwedel, and remanded the case to allow the trial court, with or without taking additional testimony, to decide whether plaintiff is estopped from denying coverage. Specifically, this court instructed the trial court to determine whether agent Deutschman's representations related only to the prior replacement of the 1952 Ford or to any future replacement, and also to determine whether Salzwedel reasonably relied on the representations. National Farmers Union Property & Cas. Co. v. Nyborg, *supra.*

On remand, the trial court made the following additional finding of fact:

"That Defendant Elmer Deutschman's representation that the policy gave Defendant Salzwedel 30 days in which to apply for a transfer was understood by Salzwedel to refer to any automobiles and not merely to the 1952 and 1957 automobiles; that said Defendant Salzwedel reasonably relied on said representation."

From that finding the trial court concluded:

"That the plaintiff is estopped from denying coverage for the accident involved in this action."

On this second appeal, plaintiff and its agent, Deutschman, argue that the trial court improperly applied the doctrine of equitable estoppel. Findings of fact by a trial court will not be set aside unless clearly erroneous. Rule 52.01, Rules of Civil Procedure. Such findings can be held to be clearly erroneous only if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972).

We have reviewed the entire evidence and have concluded that the trial court's findings are not clearly erroneous. We have also considered contentions of plaintiff and Deutschman that these findings are legally insufficient to support an application of equitable estoppel. Their contentions are not compelling. In our first decision, we remanded to the trial court to resolve certain fact issues we deemed essential to a determination of whether the doctrine of estoppel should be applied. Specifically, we required the trial court to determine whether agent Deutschman's representations related only to the prior replacement of the 1952 Ford or to any future replacements. The trial court found that Deutschman's representation was understood to refer to any automobile. We also required the trial court to determine whether Salzwedel reasonably relied on the representations. The trial court found the reliance was reasonable. Since those findings are not clearly erroneous, we affirm the trial court.

Affirmed.