NEAL H. CHANNING v. BENEFIT TRUST
LIFE INSURANCE COMPANY.

216 N. W. 2d 866.

January 18, 1974—No. 43997.

*Peterson, Bell & Converse* and *Willard L. Converse,* for appellant.

*Daniels, Johnson, Bix, Mergens & Daniels* and *Roger A. Johnson,* for respondent.

Heard before Knutson, C. J., and Rogosheske, MacLaughlin, and Yetka, JJ., and considered en banc.

Per Curiam.

This is an appeal from the trial court's denial of defendant's motion for a new trial. We affirm.

Plaintiff injured his back on November 8, 1964, when he fell from a tree while deer hunting. At the time of the accident plaintiff had a contract of insurance with defendant which included disability benefits of $150 a month for the first year, and $100 a month thereafter, for periods of total disability caused by injury. "Period of total disability" is defined by the policy as "the period during which 'such injury,' independently of all other causes, prevents you from performing every duty of your occupation * * *." Plaintiff was paid benefits of $150 a

month from the time of the accident to November 1965 and was paid $100 a month thereafter until August 1966, when defendant ceased making payments. Plaintiff then commenced this action, requesting that defendant be required to continue disability payments. The trial court found that, in fact, the injury of November 8, 1964, independent of all other causes, had prevented plaintiff from engaging in an occupation for wages or profit and had rendered him totally and permanently disabled.

Defendant argues that plaintiff is not entitled to continuing benefits under the policy because prior to the accident he was afflicted with a back condition known as spondylolisthesis. Essentially, defendant's argument is that the spondylolisthesis contributed to the disability, and therefore the injury was not its sole cause. The spondylolisthesis was discovered when X-rays were taken of plaintiff's back shortly after the accident in November 1964, but according to the evidence there is little question that the condition existed long before the occurrence of the accident. The evidence shows that spondylolisthesis is oftentimes present at birth as the result of a congenital birth defect or develops during adolescence due to a congenital weak spot in the lower back.[1]

Rule 52.01, Rules of Civil Procedure, provides that the findings of a trial court will not be set aside unless clearly erroneous. Such findings can be held to be clearly erroneous only if the reviewing court, upon considering the entire evidence, is left with the definite and firm conviction that a mistake has been committed. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972).

We have carefully reviewed the entire record and have concluded that the trial court's findings are not clearly erroneous. While there was conflicting evidence from various doctors concerning the effect upon plaintiff of the spondylolisthesis prior to the accident, and of its possible future effect upon his ability to work if no accident had occurred, we find sufficient evidence to sustain plaintiff's contention that the accident was the sole cause of his disability in that, but for the accident, he would not have been permanently and totally disabled. Wolfangel v. Prudential Ins. Co. 209 Minn. 439, 296 N. W. 576 (1941).

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[1] There is some evidence that the presence of the spondylolisthesis was possibly detected as early as 1953 when plaintiff was told by a doctor that a vertebra was "out of place."