## STATE v. MARK LOUIS LaFRANCE.

223 N. W. 2d 813.

November 29, 1974—No. 44448.

*C. Paul Jones,* State Public Defender, and *Ronald L. Haskvitz,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, and *Kenneth E. Raschke, Jr.,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendant, charged by information with aggravated rape, Minn. St. 609.291(1), was found guilty by a district court jury of attempted aggravated rape, Minn. St. 609.17, subd. 1, and sentenced by the trial court to an indeterminate sentence not to exceed 15 years, raises a number of issues on this appeal from judgment of conviction. We affirm.

1. Defendant's first contention is that the trial court erred in determining that a typewritten confession signed by defendant was admissible. Defendant, in making this contention, points to his testimony at the Rasmussen hearing showing that the officers, among other things, questioned him after he had indicated he desired the presence of counsel. However, the fact that there was such evidence does not mean that the trial court erred in its ruling because there was also evidence that would support the admissibility of the confession. The trial court in such cases acts as finder of facts, deciding for purposes of admissibility which evidence to believe and whether the state has met its burden of proof. See, State v. Wajda, 296 Minn. 29, 206 N. W. 2d 1 (1973). Here, it is apparent that the state met its burden of proof on the contested issue.

2. Defendant's second contention is that the trial court erroneously refused to permit him to testify that the typewritten confession which he signed inaccurately reflected what he had said.

The facts relating to this contention are these: At trial defendant, as part of his denial that he had raped or attempted to rape the complainant, sought to testify that two particular answers on the signed confession did not conform with his recollection

of the oral answers which he had given to the interrogating officer. Defendant, whose story at trial was that there had been a struggle but that complainant had caused it and that he had merely defended himself and had not raped her or attempted to rape her, wanted to testify that the written statement which he signed should read: "I looked and her pants were off," instead of "I took her pants off"; and "I was on top when we fell. I did not try to get in," instead of "I got on top but I couldn't get it in." The court refused to permit this testimony on the theory that the parol-evidence rule forbade it.

Although we believe that this ruling was erroneous because the parol-evidence rule applies to agreements and has no application to this type of situation, we do not believe that the ruling prejudiced defendant's case because defendant was allowed, in fact, to testify that the statement he signed did not reflect what he said. That is, defendant testified that he told the interrogating officer the same thing that he told the jury, that he did not take complainant's pants off but that they might have slipped off in the struggle, and that he did not have intercourse with her. This being so, and in view of the very strong case against defendant,[1] we hold that there was no prejudice.

3. Concerning defendant's third contention, that the trial court erred in refusing to permit cross-examination of the complainant with respect to her sexual experiences, two points should be made:

First, we do not think defendant can properly rely on those cases which say that evidence of unchastity of the complaining witness may be admitted as relevant on the question of probability that she consented to the act because defendant did not defend on the ground of consent nor did defense counsel give this rationale in seeking permission to question the witness on this matter.

---

[1] In addition to the complainant's detailed testimony, there was corroborating evidence in the form of testimony by an accomplice and testimony by the doctor who examined complainant.

Beyond this, it is clear that the question was irrelevant even for defense counsel's stated purpose in asking the question, that is, to show that she did not know what intercourse was, thereby impeaching her testimony that there had been penetration. In his offer of proof, defense counsel pointed out that she had testified at the preliminary hearing that she had previously had intercourse. Therefore, it appears that defense counsel knew that complainant's answer would not have supported an argument that she did not know what penetration was. Moreover, although the prosecution in its case did not raise the issue of complainant's chastity, the defense was allowed to elicit from complainant on cross-examination that she did have knowledge of the physical act involved in sexual intercourse.

4. Defendant's fourth claim, that the prosecution committed prejudicial misconduct, is based upon the prosecutor's objecting to certain cross-examination by defense counsel on the ground that it was "improper" cross-examination. Defendant offers no cases in support of his contention that this was misconduct, and we fail to see how the remark could have prejudiced defendant's case.

5. Finally, defendant claims that he was prejudiced by testimony of a detective from the Hennepin County sheriff's office that defendant stated, "I might as well tell you the truth. I lied. The reason I lied was I am on parole and I don't want to name my buddies."

In State v. Seelye, 297 Minn. 478, 209 N. W. 2d 918 (1973), this court affirmed a conviction, notwithstanding the admission of similar evidence, because: (a) The statement quoted was not just a reference by the defendant to his prior criminal record but also had independent significance as an admission of guilt, (b) defense counsel knew of the testimony in advance and failed to object, anticipating that when defendant took the stand his criminal record would be disclosed anyhow, and (c) the evidence of defendant's guilt was compelling.

We believe that the same may be said here. First, the statement

had significance as an admission of guilt. Second, defense counsel did not object or make any record as to his not knowing of the statement in advance and there is no indication that defendant would not have taken the stand had this statement not been introduced. Third, the evidence of defendant's guilt was compelling.

Affirmed.