IN RE PETITION OF DONALD E. HALLA AND ANOTHER
FOR REDETERMINATION OF TAXES v.
COUNTY OF HENNEPIN.

237 N. W. 2d 348.

November 7, 1975—No. 45139.

*Gary W. Flakne,* County Attorney, and *David E. Culbert,* Assistant County Attorney, for appellant.

*Thiel, Sorenson & Hansing* and *Russell A. Sorenson,* for respondents.

*Dorsey, Marquart, Windhorst, West & Halladay, Thomas S. Erickson,* and *Robert A. Heiberg,* for City of Edina, amicus curiae, seeking reversal.

Heard before Rogosheske, Todd, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal from a judgment of the Hennepin County District

Court in which petitioners' real estate was found to have been excessively assessed for the purposes of taxes payable in 1971, 1972, and 1973. Finding evidentiary support for excessive assessment and the trial court's valuation, we affirm.

The scope of appellate review applicable has recently been expressed by this court in In re Assessments of Silver Lake Apartments v. County of Olmsted, 295 Minn. 548, 549, 204 N. W. 2d 415, 416 (1973):

"A trial court's valuation of property for tax purposes must be sustained upon review unless it is clearly erroneous in the sense that it is not reasonably supported by the evidence as a whole."

There is reasonable evidence on this record to sustain the trial court's finding that petitioners' property had been overassessed. During each of the years in question, the property was surrounded by continuing highway construction which cut off access and interrupted drainage with resultant inundation. No discernible adjustments were made by the assessor for this burden, and the record amply supports the trial court's conclusion of excessive assessment.

With respect to the reasonableness of the trial court's valuation, it is apparent that, as in In re Petitions of Hedberg & Sons v. County of Hennepin, 305 Minn. 80, 232 N. W. 2d 743 (1975), the trial court, confronted with conflicting appraisals of the assessor and the owners, neither of which was acceptable, concluded that a compromise in valuation was required by the evidence. We are persuaded that this compromise in valuation has evidentiary support and is not unreasonable or clearly erroneous. See, also, In re Assessments of Silver Lake Apartments v. County of Olmsted, *supra*.

The county argues that the trial court did not use the proper "market value" standard required by Minn. St. 272.03, subd. 8. As in the Hedberg case, where this argument was asserted against the valuation made by the same trial judge, we find this contention to be without merit.

Amicus curiae, city of Edina, in which municipality the petitioners' property is located, argues that the trial court committed procedural error by excluding evidence of market value offered by petitioners in a condemnation proceeding involving a portion of this property. That proceeding concluded with a condemnation award in August 1970, and the·value evidence therein would have been received in that proceeding some time prior thereto. The highway construction which diminished the market value of petitioners' property did not take place until after the condemnation award. Thus, the trial court could reasonably have held the proffered evidence from the condemnation proceeding to be irrelevant. While it may have been desirable to permit such

evidence as impeaching, at most the trial court's ruling excluding the evidence was harmless error.

Affirmed.