## RAYMOND THOMSEN v. INDEPENDENT SCHOOL DISTRICT NO. 91, CARLTON COUNTY, BARNUM.

244 N. W. 2d 282.

July 16, 1976—No. 46226.

*Rudy & Wolf* and *Floyd D. Rudy*, for appellant.
*Leonard A. Wilson, Jr.*, for respondent.

PER CURIAM.

This is an action to recover damages for wrongful termination of plaintiff's employment contracts with the defendant school district. The trial court found the contracts were wrongfully terminated and ordered an award to plaintiff in the sum of $2,340.24.

Plaintiff started working for the school district as a bus driver and custodian in 1965. Written employment agreements were not entered into by the parties until 1971. It was the practice since 1974 to renew contracts each year with adjustments as to salary increase. The two contracts involved, one for custodial services, the other for transportation services, were executed in 1974 and were referred to in the testimony as current contracts. The evidence supported the fact that the practice was to enter into new contracts for each new school year. The written agreement with reference to the custodial services specified that the contract was for a term of 12 months starting July 1, 1974. The transportation contract provided plaintiff was to be a bus driver "for the period of this contract."

On this appeal defendant contends: (1) because there was no valid custodial contract of employment the employee was terminable at will, (2) the transportation contract was not a contract for a fixed term and was therefore terminable at will, and (3) defendant properly terminated for cause.

For clarity we will consider the contentions of the school board in order. Defendant urges that it was beyond its statutory authority to enter into a contract with plaintiff for custodial services. The general powers of a school district are set out in our statutes. Minn. St. 123.35, subd. 6, provides as follows:

"The board may employ and discharge necessary employees and may contract for other services."

To employ is to contract. The statute is clear that the school board had authority to employ custodial help as necessary employees. The statute provides no restriction for removal. Accordingly, the removal is subject to the common law. It has long been established that only contracts for an indefinite term are terminable at will. Cederstrand v. Lutheran Brotherhood, 263 Minn. 520, 117 N. W. 2d 213 (1962). This contract was for a fixed term. Plaintiff was employed "for 12 months starting July 1, 1974." The language of the statute leaves no doubt that defendant was authorized to employ plaintiff and in that the contract was for a fixed term, it was terminable only for cause.

The language of his contract as a bus driver provides that plaintiff was employed for "the period of this contract." It was not disputed in the evidence that the school district followed the practice of entering into the contracts with its teachers and its other employees for each school year. The language of the contract is not as clear as the custodial contract, but the custom and practice followed justified a finding that the contract was for the fixed period of the school year and similarly terminable for cause.

It is undeniable that defendant presented a strong case for discharge. Under Rule 52.01, Rules of Civil Procedure, findings of fact made by the trial court shall be set aside only if clearly er-

roneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

Fact findings are clearly erroneous only if the reviewing court on the entire evidence is left with a definite and confirmed conviction that a mistake has been committed. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972). The court correctly held as a matter of law that each contract was for a fixed term and therefore not terminable at will. The evidence established on the issue of whether the board had sufficient cause for discharge presented an issue of fact. No purpose would be served in stating the facts relied upon for discharge. Under the evidence the court was justified in finding the cause insufficient to justify the discharge. Such findings were not manifestly contrary to the weight of the evidence.

Affirmed.