## STATE v. CHARLES STEPHENSON.

245 N. W. 2d 621.

September 3, 1976—No. 45535.

*Joseph S. Friedberg* and *William J. Mauzy*, for appellant.

*Warren Spannaus*, Attorney General, *Gary W. Flakne*, County Attorney, and *David W. Larson, Phebe Haugen, Lee Barry*, and *Vernon E. Bergstrom*, Assistant County Attorneys, for respondent.

Heard before Rogosheske, MacLaughlin, and Marsden, JJ., and considered and decided by the court en banc.

MacLaughlin, Justice.

The defendant, Charles Stephenson, was found guilty of receiving stolen goods. He appeals from the judgment of conviction on the ground that the trial court at the Rasmussen hearing improperly denied his motion to suppress evidence which defendant claims was seized at night pursuant to a search warrant which did not authorize nighttime execution.

On April 9, 1974, Minneapolis police officers Thomas Billings and James Arwick executed a search warrant at 504 East 24th Street in Minneapolis. At that address the officers arrested defendant for an alleged violation of the laws relating to controlled substances. The officers took defendant into custody and, after leaving the dwelling at 504 East 24th Street, proceeded directly to defendant's residence at 3512 Lyndale Avenue South to execute another search warrant. The search warrant applicable to 3512 Lyndale Avenue South did not authorize execution of the warrant during the nighttime.[1] While there was no direct evidence introduced at the Rasmussen hearing as to exactly what time the search at 3512 Lyndale Avenue South was instituted, the evidence does show (1) that the search warrant for 504 East 24th Street was executed at 7 p. m., (2) that the police officers then drove directly to 3512 Lyndale Avenue South, a distance of approximately 2 miles, and (3) that sunset on April 9, 1974, was at 7:51 p. m.

Upon arriving at 3512 Lyndale Avenue South defendant telephoned his attorney, Sherman Bergstein. Mr. Bergstein arrived at 3512 Lyndale Avenue South "very shortly after the phone call." Bergstein testified at the Rasmussen hearing that he did not know exactly what time he arrived at the house but that it

---

[1] Minn. St. 626.14 provides: "A search warrant may be served only in the daytime unless the court or justice of the peace determines on the basis of facts stated in the affidavits that a nighttime search is necessary to prevent the loss, destruction, or removal of the objects of the search. The search warrant shall state that it may be served only in the daytime unless a nighttime search is so authorized."

was dark at the time. The officers searched the premises at 3512 Lyndale Avenue South and prepared a receipt inventory and return and a property inventory report. These reports stated that the time of the search was 8:30 p. m.

Based on this evidence the trial court found at the Rasmussen hearing: "* * * [I]t is certainly possible, if not probable, that the search was instituted prior to the actual sunset * * *." The court proceeded to state: "* * * [E]ven assuming that the search of the premises itself was actually instituted after [sunset]," it did not prejudice the defendant. Accordingly, the court denied defendant's motion to suppress the evidence seized during the search of 3512 Lyndale Avenue South.

■ The first issue is whether there is sufficient evidence to support the finding of the trial court that the search at 3512 Lyndale Avenue South was instituted during the daytime.[2] When the evidence at a Rasmussen hearing is conflicting, the trial court "acts as finder of facts, deciding for purposes of admissibility which evidence to believe and whether the state has met its burden of proof." State v. LaFrance, 302 Minn. 245, 246, 223 N. W. 2d 813, 814 (1974). On appeal this court will not reverse a trial court's finding of fact unless it is clearly erroneous. Such findings can be held to be clearly erroneous only if, on the entire evidence, we are left with a definite and firm conviction that a mistake has occurred. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972). In the instant case the trial court found that the search at 3512 Lyndale Avenue South was instituted prior to sunset.[3] We hold that this finding is not clearly erroneous.

The evidence clearly shows that officers Billings and Arwick

---

[2] Because we decide the case based upon the fact that the search began during the daytime, we do not reach the question of whether a search instituted after sunset would be valid if there were no prejudice to the defendant.

[3] Minn. St. 645.45(16) defines "night time" as "the time from sunset to sunrise."

executed a search warrant at 504 East 24th Street at 7 p. m. and that they then drove directly to 3512 Lyndale Avenue South, a distance of only 2 miles, to begin searching defendant's residence. This evidence is sufficient to support the trial court's conclusion that the police officers arrived at defendant's residence before sunset, which occurred at 7 :51 p. m. on that day. Indeed, the only evidence suggesting that the search began after sunset was Mr. Bergstein's testimony that it was dark when he arrived at defendant's house. However, this testimony also reveals that Bergstein arrived some time after the police officers arrived. Thus, his testimony is not necessarily inconsistent with the trial court's finding since it may well have been dark when Bergstein arrived even though it had been light when the police officers arrived. Finally, the reference to 8 :30 p. m. contained in the inventory reports merely refers to the time when the search was completed because clearly a search must be completed before an inventory report can be prepared.[4] Therefore, there is sufficient evidence to support the trial court's finding that the search of defendant's residence was instituted prior to nighttime.[5]

■ The final issue is whether a search conducted pursuant to a search warrant which did not authorize nighttime execution is invalid if it begins in the daytime but continues into the nighttime. Minn. St. 626.14 specifically provides that a search warrant may be served only in the daytime unless the court determines that "a nighttime search is necessary." Under the facts of this case the search began in the daytime but continued into the

---

[4] It would appear to be the better practice for the police to note on the inventory report the exact time that the search commences and the exact time that the search is completed.

[5] This conclusion is reinforced by evidence at the trial itself from one of the officers that when the officers drove from 504 East 24th Street to execute the warrant at 3512 Lyndale Avenue South they did not use their headlights and saw no other cars using headlights. Further, a lamp was introduced into evidence at the trial bearing an identifying tag which indicated that the lamp was seized at 7:45 p. m. during the search at 3512 Lyndale Avenue South.

nighttime. The question is whether this is a proper search in light of the fact that the search warrant in this case did not authorize nighttime execution.

This issue was addressed in United States v. Joseph, 278 F. 2d 504, 505 (3 Cir.), certiorari denied, 364 U. S. 823, 81 S. Ct. 59, 5 L. ed. 2d 52 (1960):

"We have also considered that the search warrant authorized a daytime search and that the actual searching of the premises in question, which began about four o'clock in the afternoon, was not completed until after ten o'clock at night. However, the evidence does not show that the search made after nightfall was more than a reasonable continuation of the search which began in the afternoon. On the present record the conduct of the searching officers was within the authorization of the warrant."

Under facts similar to the instant case, the court in United States v. Bell, 126 F. Supp. 612, 617 (D. D. C. 1955), said:

"* * * Evidence introduced by defendants show that sunset occurred on that date at 5:31 p. m. The officer executing the warrant testified that the search began about 4:30 p. m. in the daytime, but, because of the varied character and large amount of property seized, the inventory was not completed until 6:00 p. m. in the nighttime. It was sufficient that the search began in the daytime although it continued after dark."

See, also, United States v. Woodring, 444 F. 2d 749 (9 Cir. 1971); United States v. Escott, 205 F. Supp. 196 (D. Mass. 1962).

The policy behind prohibiting nighttime searches in the absence of specific judicial authorization in the warrant is to protect the public from the "abrasiveness of official intrusions" during the night. United States v. Ravich, 421 F. 2d 1196, 1201 (2 Cir.), certiorari denied, 400 U. S. 834, 91 S. Ct. 69, 27 L. ed. 2d 66 (1970). This policy is not violated if the search begins in the daytime even though it continues into the nighttime. Therefore, we hold that the search in the instant case did not violate Minn. St. 626.14 and was a reasonable and valid search.

Affirmed.