UNITED STATES of America, Plaintiff,

v.

Marion L. NOE, Defendant.

Crim. No. 80–20.

United States District Court,
E. D. Kentucky,
Lexington Division.

Aug. 18, 1980.

---

Joseph L. Famularo, Asst. U. S. Atty., Lexington, Ky., for plaintiff.

Harry B. Miller, Miller, Griffin & Marks, Lexington, Ky., for defendant.

SCOTT REED, District Judge.

■ Defendant, Marion L. Noe, moves to suppress the evidence obtained pursuant to a search warrant issued on March 17, 1980, and the subsequent search of his residence and property surrounding his residence. A suppression hearing was held at which testimony was introduced concerning the issuance of the warrant and the search. The evidence in question consists of two 30 pound bales of marijuana and a 12 pound bag of marijuana found in an open field behind defendant's house. The defendant apparently does not question the admissibility of the 12 pound bag of marijuana but concentrates his attack on the two 30 pound bales. The Court finds from the evidence that the search warrant was issued upon probable cause. A confidential informant, whose reliability was demonstrated, had given information to the officers that there was a suspected delivery of 500 pounds of marijuana to defendant Noe being delivered from Key West, Florida. The affidavit in support of the warrant stated that the marijuana was on the way from Florida

and that the transporters "will return and hand over the marijuana to M. L. Noe at the Noe house in Garrard County, Kentucky on the afternoon of March 17, 1980." The Court finds from the testimony and from an inspection of the affidavit itself that more than ample probable cause existed for the issuance of the search warrant.

Defendant complains that the description in the warrant of the place to be searched was a "yellow two story house" and that this was insufficient to authorize a search of the open field area surrounding the house. There can be no doubt that the officers were rightfully on the premises at the time of the search. The real question is whether there existed authority for the officers to commit a technical trespass and seize the two bales of marijuana which the testimony established was located in an open field area some 100 feet to the rear of defendant's house. The Court finds from the evidence that there was no fence between the defendant's residence and the place the bales of marijuana were found. Defendant asserts that these bales were in high grass and that this circumstance indicated that defendant had concealed the marijuana and expected privacy.

■ Defendant cites Kentucky cases arguing that the search and seizure made of the two bales violated Kentucky law. Even if Kentucky law was violated, the bales as evidence would not become inadmissible thereby in a federal criminal trial. "It is well settled that in criminal cases, the federal District Courts will decide evidence questions on the basis of federal law rather than state law." (Citations omitted) *United States v. Hodge*, 539 F.2d 898, 906 (6th Cir. 1976). The question to be addressed is whether the seizure of these bales of marijuana from this field violated some provision of federal law or impermissibly impinged upon the rights granted to defendant by the Fourth Amendment to the Constitution of the United States. Of course, if the seizure was made under the so-called "open field" exception to the Fourth Amendment or was seized from a place in which the defendant had no expectation of privacy, as that term is interpreted later herein, then whether the area from which it

was taken was or was not properly described in the warrant becomes irrelevant.

There has been much discussion in the cases concerning the proper application of the "open fields" doctrine proclaimed in *Hester v. United States*, 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed. 898 (1924), as reconsidered in *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

The Court concludes that the Fourth Circuit properly applied *Hester* as modified by *Katz* in *Patler v. Slayton*, 503 F.2d 472 (4th Cir. 1974). Therein the Court said: "The maxim of *Katz* that the fourth amendment protects 'people not places' is of only limited usefulness, for in considering what people can reasonably expect to maintain as private we must inevitably speak in terms of places. Speaking in such terms, we said under similar circumstances in *United States v. Brown*, 487 F.2d 208, 210 (4th Cir. 1973), cert. denied, 416 U.S. 909, 94 S.Ct. 1617, 40 L.Ed.2d 114 (1974):

> Appellants' reasonable expectations of privacy—while extending to their dwellings and the immediate area around them and even to the area occupied by outbuildings such as the barns in question . . . —cannot, in light of *Hester*, be said to include the 'open fields' around the barn."

The Court further remarked that even if the defendant could be said in the case before it to have exhibited an actual expectation of privacy in the area searched, "we cannot say that such an expectation is 'one that society is prepared to recognize as 'reasonable.'" Citing *Katz.*

The Court finds from the evidence in this case that these two bales of marijuana were in an open field visible area. They were without any covering or other signs of an attempt to hide them from public view. The existence of grass in a field appears to the Court to be consistent with what's normally expected in a field. The Court can detect no deliberate attempt by defendant to conceal or hide the bales. If the defendant thought that placing these bales in a field of grass would demonstrate his proclamation of privacy, it would hardly constitute, in the opinion of the Court, an objec-

tive expectation of privacy and would hardly be an expectation that society would consider reasonable. Therefore, in applying an objective standard, regardless of defendant's subjective notions, the Court concludes that these bales were located in a place under conditions demonstrated by the evidence in this case that would justify application of the open fields doctrine. Therefore, the Court declines to suppress the evidence on the ground asserted by the defendant.

█ We need no longer linger over defendant's second contention, and that is that the search was made in the nighttime and the warrant did not authorize a nighttime search. The Court finds, not only from a preponderance of the evidence but from the overwhelming weight of the evidence that the search was commenced prior to 10:00 p. m. It is true that one witness only on cross examination by defendant's counsel admitted that he had told defendant's counsel in a telephone conversation a comparatively short time before the suppression hearing that the search was conducted after 10:00 p. m. This witness, a state deputy sheriff, explained that he did not have his records available at the time he made the statement. All of the other witnesses participating in the search squarely testified that the search was made prior to 10:00 p. m. and they were not successfully shaken on cross examination. The Court does not hesitate to make a factual finding that the search commenced and was in progress prior to 10:00 p. m. The term "daytime" as used in Rule 41 of the Rules of Criminal Procedure on which defendant relies by its very terms defines the term "daytime" to mean the hours from 6:00 a. m. to 10:00 p. m. according to local time. The disposition made by the Court in *United States v. Balsamo*, 468 F.Supp. 1363 (D.Me.1979) is rationalized by the Court saying: "Finally, that the searches of the residences were not completed until after 10:00 p. m. is not fatal. Searches which begin during daytime and continue into the night are permissible, at least where no invasion of privacy or prejudice has been shown. *United States v. Burgard*, 551 F.2d 190, 193 (8th Cir. 1977); *United States v.*

*Woodring,* 444 F.2d 749, 751 (9th Cir. 1971); *United States v. Joseph,* 278 F.2d 504 (3rd Cir. 1960), cert. denied, 364 U.S. 823, 81 S.Ct. 59, 5 L.Ed.2d 52 (1960)." We, therefore, need not explore defendant's contentions which are based on the premises of a search executed in nighttime. This was not a nighttime search by definition. Defendant's motion to suppress evidence is in all respects DENIED. A separate order will be entered in conformity with this opinion. The foregoing will constitute the findings of fact and conclusions of law of the Court insofar as such are required.