**CITY OF WEST ST. PAUL, State of Minnesota, Appellant,**

v.

**Donald Allen SMITH, Respondent.**

**No. C4-86-2167.**

Court of Appeals of Minnesota.

April 14, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Arnold E. Kempe, West St. Paul, for appellant.

R. James Jensen, Jr., St. Paul, for respondent.

Heard, considered and decided by HUSPENI, P.J., and PARKER and LESLIE, JJ.

## OPINION

HUSPENI, Judge.

Respondent, Donald Smith, was charged with driving after suspension under Minn. Stat. § 171.24. The trial court ruled that the police officer did not possess sufficient facts to make a legal investigatory stop and suppressed any evidence gained by the stop. The state appeals this ruling under Minn.R.Crim.P. 28.04. We reverse and remand.

## FACTS

This case comes before us on an extremely limited record. The trial court's order states that its decision is "based on stipulated facts;" however, the record does not contain a copy of those facts. In chambers, immediately before the trial was to commence, the following interchange occurred:

THE COURT: I believe that [defense counsel] has a motion that he wishes to put before the Court at this time, prior to trial. * * *

DEFENSE COUNSEL: Yes. The motion I guess—the correct motion here would be to suppress any testimony by the police officer, based on a stop that was not based on probable cause.

The only evidence about what transpired at the time of the stop came from the city attorney. The police officer who made the stop did not testify. The city attorney stated:

Well, the facts are, Your Honor, on July 11, 1986, at approximately ten minutes prior to two o'clock, Officer Steffen who was on duty in a patrol car, received a call of Ohio and Butler of speeding by a gold Granada car; responded and drove to that location and saw a gold Granada car parked at the curb. He thereafter ran a license check on the gold Granada and thereafter ascertained the owner to be Donald Allen Smith, born January 9, 1965. He then ran a check on the driving record of that named individual who the car was listed to, and received back from the dispatcher, via the department of transportation, that the owner-driver of that car was under suspension. He then parked his squad behind some distance behind the car and watched the car. Within ten minutes Donald Allen Smith came out, got in the car and drove away from the curb and whereupon he stopped the car, identified the driver as Donald Allen Smith, owner of the car and issued him a summons here involved, for driving after suspension.

Defense counsel did not supplement or contradict the facts but only stated

it's our belief that the facts just given by [the State] * * * even if they were true, did not amount to probable cause * * *.

Based on this information, the trial court made the following findings:

3. The officer called for identification of the license plate and found that the car was registered to the [appellant], Donald A. Smith.

4. The officer called for the status of [appellant's] driver's license and found that it was suspended.

5. The officer parked a block from the [appellant's] car and waited.

6. Shortly thereafter, [appellant] came out of his house and got into his car, driving approximately one-half block before he was stopped by the officer.

7. The officer did not know who was driving the automobile, as he did not know [appellant] and he did not have any description of [appellant].

8. The officer observed no suspicious conduct, equipment defects, nor traffic violation by [appellant] prior to the stop.

The trial court concluded that "the officer did not possess the minimum specific and articulable facts to warrant the stop."

## ISSUE

Did the trial court err when it determined that the police officer made an illegal investigatory stop and suppressed evidence that appellant had been driving after suspension?

## ANALYSIS

A trial court's findings will not be disturbed unless they are clearly erroneous. *State v. Randle*, 381 N.W.2d 88, 91 (Minn. Ct.App.1986). In the present case, the trial court's findings were based solely on the sparse accounting given by the city attorney who was not a witness to the stop. These assertions are not sufficient to support the trial court's findings and conclusions.[1] There is no direct evidence on what the officer knew or what inferences, based on his experience, he might have drawn from the surrounding circumstances.

Further, there are discrepancies between the assertions of the city attorney and the trial court's findings. We cannot reconcile those discrepancies. The trial court found that "[appellant] came out of his house and got into his car" yet the record does not establish that the officer knew that appellant lived in the house he was observed leaving or that in fact appellant did live in the house. Also, the trial court found that the police officer "did not have any description of appellant" but the city attorney

indicated in his recounting of the stop that the officer at least knew appellant's age.

At a pretrial hearing on suppression issues, one of the trial court's functions is to act as a fact finder and judge the credibility of the witnesses and evidence. *See State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980); *State v. LaFrance*, 302 Minn. 245, 246, 223 N.W.2d 813, 814 (1974); Minn. R.Crim.P. 12. The trial court in this case did not have an opportunity to judge the credibility of witnesses because the officer who made the stop did not testify, nor was any written statement by the officer submitted. We must therefore remand this case to the trial court so that it may receive sufficient evidence to make a determination on the propriety of the stop. Until such time as this court is presented with an adequate record, we are unable to determine whether the trial court's legal conclusion was in error.

Also, on remand we direct the trial court's attention to *State v. Duesterhoeft*, 311 N.W.2d 866 (Minn.1981) and its applicability under the facts as they are found upon rehearing.

## DECISION

Rehearing for an expanded record is necessary in order to determine whether the officer possessed minimum specific and articulable facts to support an investigatory stop.

Reversed and remanded.

---

1. We note that despite the defense attorney's reference to "a stop that was not based on probable cause" the court stated the proper stan-

dard of specific and articulable facts in its findings. *See Blaisdell v. Commissioner of Public Safety*, 381 N.W.2d 849 (Minn.1986).