Leo M. EVANS, Relator,

v.

COUNTY OF HENNEPIN, Respondent.

No. C0–95–1783.

Supreme Court of Minnesota.

May 30, 1996.

Leo M. Evans, Santa Maria, CA, pro se.

Michael O. Freeman, Hennepin County Atty., Paul R. Jennings, Assistant County Atty., Minneapolis, for respondent.

## OPINION

PAGE, Justice.

Relator Leo M. Evans seeks review of a Minnesota Tax Court decision which found that the market value of the subject property[1] was $1,000,000 on January 2, 1993. The subject property, parcels 32–117–21–24–0003 and 32–117–21–24–0004 located in Edina, Minnesota, consists of 9.79 acres of unimproved and unplatted land, bounded by Vernon Avenue and Olinger Road. The subject property is zoned R–1, Single Dwelling Unit District. The neighborhood immediately surrounding the subject property is primarily single family homes, with some multi-unit developments in the vicinity.

The January 2, 1991, market value of the property was $881,100. *Evans v. County of Hennepin,* No. TC–14461, 1993 WL 173700, at *1 (Minn. Tax, May 20, 1993). The subject property's January 2, 1993, market value was appraised by the Edina City Assessor's Office at $953,000 for taxes payable in 1994. Evans appealed this assessment and the tax court, using the market approach to valuation, concluded that the subject property's market value was $1,000,000 and granted

---

1. The property which is the subject of this appeal is owned by Evans (undivided 5/6 interest), with the remainder split between his brother John J. Evans and his sister Karen Evans–Taylor.

judgment in favor of Hennepin County. Evans filed a motion to amend the findings and judgment to reflect an estimated market value between $500,000 and $600,000 for the subject property or, in the alternative, an order granting a new trial. The tax court denied both motions.

In seeking review, Evans has raised a number of issues with respect to whether the tax court's decision valuing the subject property at $1,000,000 and its use of the market approach to valuation is reasonably supported by the evidence. Four additional issues raised by Evans include: (1) whether the tax court's decision is contrary to law; (2) whether the county misrepresented any facts so as to inflate the value of the subject property; (3) whether the tax court erred in denying Evans' motion to amend the findings or grant a new trial; and (4) whether the tax court was biased in determining the market value of the subject property. We affirm the tax court.

A tax court's valuation of property will only be reversed where the valuation is "clearly erroneous in the sense that it is not reasonably supported by the evidence as a whole." *In re Assessments of Silver Lake Apartments v. County of Olmsted*, 295 Minn. 548, 549, 204 N.W.2d 415, 416 (1973). Before we will reverse a tax court decision valuing property, we must be "left with a definite and firm conviction that a mistake has been committed." *Id.* at 549–50, 204 N.W.2d at 416.

"[A]ll property shall be valued at its market value." Minn.Stat. § 273.11, subd. 1 (1994). The market value of property is defined as follows:

[T]he usual selling price at the place where the property to which the term is applied shall be at the time of assessment; being the price which could be obtained at a private sale or an auction sale * * *.

Minn.Stat. § 272.03, subd. 8 (1994). We have recognized three acceptable approaches to valuing property for purposes of determining market value:

1. **Market Data**—an appraisal based on prices paid in actual market transactions involving comparable properties;

2. **Income**—a value estimate predicated on capitalization of the rental income which a lease could be expected to produce;

3. **Cost**—a valuation founded on the proposition that an informed buyer would pay no more for the property than the cost of constructing new property having the same utility as the subject property.

*Lewis & Harris v. County of Hennepin*, 516 N.W.2d 177, 178 (Minn.1994) (emphasis added).

Because appraising property is, at best, an "inexact value determination," we have stated that the appropriate valuation approach to determine the market value of property will depend on the specific facts of each case. *Id.* at 180. As a consequence, the tax court is not required to "accept any particular valuation approach as the sole basis for determining market value." *DeZurik Corp. v. County of Stearns*, 518 N.W.2d 14, 16 (Minn.1994). While the tax court is not required to accept any particular approach, we have, in the past, stated that the market approach is normally used to value unimproved or undeveloped property. *See Hansen v. County of Hennepin*, 527 N.W.2d 89, 93 (Minn.1995). We accord the tax court broad discretion in choosing which valuation approach to use. *Id.* at 94–95 (approving of the use of the development cost approach to value land and recognizing that "the tax court is wholly capable of assessing the weight of conflicting expert testimony and reaching an intelligent conclusion").

Based on our review of the record, we cannot say that the tax court's valuation of the subject property is clearly erroneous. There is ample support in the record for the tax court's use of the market approach to valuing the subject property and its determination of the property's value.

We have considered the other issues raised by Evans in this appeal and find them meritless.

Affirmed.