Raymond M. THEOBALD, Relator,

Shirley A. Theobald, Petitioner,

v.

COUNTY OF LAKE, Respondent.

No. A05–1657.

Supreme Court of Minnesota.

April 13, 2006.

---

Raymond M. Theobald, pro se.

Russell H. Conrow, Lake County Attorney, Two Harbors, for respondent.

## OPINION

MEYER, Justice.

In this appeal from the tax court, relator Raymond M. Theobald challenges the tax court's assessment of his property as 11 separate parcels, instead of as a single property for tax purposes. Relator argues that the 11–parcel assessment resulted in a higher valuation of his land, and therefore violated the statutory requirement that similar properties be assessed uniformly. *See* Minn.Stat. § 273.12 (2004). We affirm the decision of the tax court.

The Lake County assessor valued relator's White Iron Lake property for property tax purposes at $334,500 as of January 2, 2003: $215,300 for improvements made upon the land, and $119,200 for the land itself. Because the property had been listed as 11 separate taxable parcels by the Lake County auditor, the Lake County assessor valued the land on each of the 11 parcels separately to arrive at the total valuation of $119,200 for the land. Relator challenged the 11–parcel valuation of his land and other aspects of his property valuation in tax court. Relator presented an expert who valued his land as a single property worth $112,500 (using a $750–per–foot estimate of lakeshore value multiplied by relator's 150 feet of lakeshore). *Theobald v. County of Lake*, No. CX–04–181, 2005 WL 937424, *5 (Minn. T.C. Apr.

1, 2005). Using the "cost approach" to valuation,[1] the tax court separately evaluated relator's land and the improvements on the land to arrive at a fair market value for the entire property. *Id.* at \*4. The tax court determined that the Lake County assessor had overvalued the improvements on relator's land, but the tax court adopted the county assessor's valuation of the land. *Id.* at \*5. The tax court decided that relator's land "is comprised of eleven parcels and must be valued as such," and therefore adopted the county assessor's valuation of $119,200 over that of relator's expert. *Id.* Relator now contests this decision, arguing that the county assessor's statutory duty to uniformly assess similar properties requires that his land should not have been assessed at a higher value merely because it was comprised of 11 taxable parcels, not one. *See* Minn.Stat. § 273.12.

▮ On review, this court will not disturb the tax court's valuation of property unless the tax court's decision is clearly erroneous, meaning that the decision is not reasonably supported by the evidence as a whole. *Westling v. County of Mille Lacs,* 512 N.W.2d 863, 866 (Minn.1994). A tax court's decision is clearly erroneous when this court is left with a " 'definite and firm conviction that a mistake has been committed.' " *Id.* (quoting *In Re Assessments of Silver Lake Apartments v. County of Olmsted,* 295 Minn. 548, 549–50, 204 N.W.2d 415, 416 (1973)). This court will defer to the decision of the tax court unless the tax court has either clearly overvalued or undervalued the subject property, or has completely failed to explain its reasoning. *Harold Chevrolet v. County of Hennepin,* 526 N.W.2d 54, 58 (Minn.1995).

Relator's challenge of the 11–parcel assessment by the county assessor hinges on the proper roles of county auditors and county assessors, which are described by statute. It is the county auditor's role to "make out * * * complete lists of all lands or lots subject to taxation," and the lists of taxable properties prepared by the county auditor are "legal and valid description[s] of such land for taxation purposes." Minn. Stat. § 273.03, subd. 1 (2004); Minn.Stat. § 272.195 (2004). After the county auditor has listed the lands and lots that are subject to taxation, it is the county assessor's role to "determine the market value of each tract or lot of real property listed for taxation." Minn.Stat. § 273.08 (2004). When determining the market value for the purpose of taxation, the county assessor must "give due weight to every element and factor affecting the market value thereof * * * [and] consider and give due weight to lands which are comparable in character, quality, and location, to the end that all lands similarly located and improved will be assessed upon a uniform basis and without discrimination." Minn. Stat. § 273.12.

Relator argues that the county assessor's duty to "consider and give due weight to lands which are comparable in character, quality, and location" requires that his property should not have been given a higher assessment merely because the land was comprised of 11 parcels for tax purposes. Relator invokes the tax laws' "overwhelming purpose * * * to provide that owners of comparable properties share the tax burden equally." This purpose, he argues, requires that the number of parcels comprising comparable properties should be inconsequential.

---

1. The tax court explains that the cost approach to valuation "is an attempt to determine the market costs of the property by analyzing the market costs to construct a sim-

ilar property." *Theobald,* 2005 WL 937424, at \*4 (citing *The Appraisal of Real Estate* 349 (12th ed.2001)).

But the county assessor's duty is to fairly assess parcels of property as they are subdivided by the county auditor for tax purposes. *See* Minn.Stat. § 273.08. In this case, the county auditor listed 11 separate and contiguous parcels of land owned by relator. If owners of contiguous parcels, like relator, wish to combine their property for tax purposes, there is a statutory procedure in place allowing them to petition the auditor for combination. *See* Minn.Stat. § 272.46, subd. 2 (2004) (stating that if a taxpayer makes written application to the county auditor, the auditor shall, "for property tax purposes only, combine legal descriptions * * * of contiguous parcels to which applicants hold title"). Relator does not argue that he has petitioned for combination, does not argue that his property was inappropriately identified as 11 separate taxable parcels by the county auditor, and does not argue that his property should have been combined into one taxable parcel by the county auditor without petition. Since it is undisputed that the county auditor has appropriately listed relator's property as 11 separate taxable parcels, the property was appropriately assessed as such by the county assessor, and the tax court's decision to adopt the county assessor's valuation was not clearly erroneous.

Affirmed.