PETTIBONE MINNESOTA CORPORATION v. HERB CASTLE.

247 N. W. 2d 52.

November 5, 1976—No. 46577.

*Thomas J. LaCrosse,* for appellant.
*Johnson & Johnson* and *Kim R. Johnson,* for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

This action was brought to recover the purchase price of machinery used in processing gravel, namely, an 880 Crusher and washing plant. Defendant counterclaimed for damages claiming the breach of the contract to deliver the 880 Crusher. In the course of the transaction between the parties, defendant accepted delivery by plaintiff of a crusher known as a Pitmaster Crusher in the fall of 1969. There was a sharp conflict in the evidence whether the Pitmaster Crusher was accepted by the defendant on a temporary basis until the 880 Crusher was reconditioned, or whether as contended by plaintiff the Pitmaster Crusher was substituted for the 880 Crusher and purchased by defendant.

The trial court made a finding that a contract for the sale of the washing plant and Pitmaster Crusher was made by plaintiff and defendant for an agreed price. The trial court further found that defendant had failed to prove the allegations of the counterclaim.

On this appeal the defendant contends that there was insufficient evidence to support the finding of a contract of sale of the Pitmaster Crusher and that the trial court erred in finding defendant had failed to prove the allegation of the counterclaim.

We find the trial court was correct in determining that the parties by agreement substituted in the purchase the Pitmaster Crusher for the 880 Crusher originally involved in the transaction. Defendant's counterclaim was accordingly properly dismissed, as there was no breach of a contract by plaintiff to sell the 880 Crusher to defendant.

The evidence supporting that the Pitmaster Crusher was substituted

for the 880 Crusher is as follows: (1) Defendant signed a purchase order for the Pitmaster Crusher, (2) defendant never attempted to return the Pitmaster Crusher, (3) defendant insured the crusher and the washing plant and named the plaintiff as the mortgagee, and (4) defendant sold the Pitmaster Crusher and washing machine to third parties.

A finding of the trial court is not to be disturbed unless clearly erroneous, either upon a clear demonstration that it is without substantial evidentiary support or that it was induced by an erroneous view of the law. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972). The admitted and unexplained retention of the machinery and subsequent sale thereof by defendant constituted an acceptance of the machinery. Minn. St. 336.2—606 (1) (b). The sale by defendant of the machinery to others was an act "* * * inconsistent with the sellers ownership." Minn. St. 336.2—606 (1) (c). The evidence justifies the finding that the defendant purchased from plaintiff the machinery involved.

Affirmed.