ANDA CONSTRUCTION CO. et al., Appellants,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, DULUTH, Respondent.

No. C4-83-1828.

Court of Appeals of Minnesota.

May 8, 1984.

Review Denied Sept. 5, 1984.

Joel D. Johnson, Moorhead, for appellants.

Joseph J. Roby, Jr., Duluth, for respondent.

Heard, considered and decided by POPOVICH, C.J., WOZNIAK and LANSING, JJ.

## OPINION

LANSING, Judge.

This is an appeal arising out of a mortgage foreclosure action. The appellants only contest the amount of the judgment, not the foreclosure itself. They claim the trial court's findings were clearly erroneous because (1) the lending institution was not authorized to make three disbursements to itself from the proceeds of a second loan, and (2) appellants did not waive their right to object to the disbursements or acquiesce in the disbursements. We affirm.

## FACTS

In 1977, Anda Construction Company, Inc., borrowed $1,050,000 from First Federal Savings and Loan Association of Duluth for construction of the Tropicana apartment building. The construction company did not complete construction of the Tropicana in 1979 as the loan agreement required. First Federal commenced an action for foreclosure of the mortgage. On December 27, 1979, the parties entered into a Stipulation. The Stipulation provided a tentative and conditional commitment for an additional $200,000 loan to the construction company. The Stipulation specifically stated that the loan proceeds were to be used to pay the costs and expenses of completing the construction of the Tropicana.

The construction company then applied for a $250,000 loan. On May 16, 1980, First Federal sent Roger Anda, the presi-

dent of Anda Construction Company, a commitment letter for the $250,000 loan to be secured by a second mortgage. The commitment letter set forth the terms of the loan and provided that the proceeds of the loan were to be used for completion of the apartments and to be held by First Federal and disbursed as authorized by Anda.

Following Anda's acceptance of the commitment, the second mortgage loan was closed on June 25, 1980. The construction company signed a Second Mortgage Note, and a Combination Mortgage and Security Agreement. In addition, Roger Anda and his wife, Elizabeth, signed a personal guaranty of the $250,000 note. At the closing, the Andas were presented with a Construction Loan Statement which itemized certain disbursements to be made from the loan proceeds. Roger Anda authorized these disbursements by initialing the Construction Loan Statement.

At the time of the closing, the construction company owed First Federal four installments on the first mortgage against the Tropicana. Eight days later, First Federal disbursed to itself the sum of $19,088.04 to pay the delinquent installments in full, plus late charges. In addition, First Federal made two other disbursements from the loan totalling approximately $15,000. The money was used to pay its attorney's fees in connection with the Tropicana transactions.

In June 1982, the Andas failed to pay installments which were due and First Federal commenced a foreclosure action on the second mortgage. During discovery, First Federal learned that Anda had executed contracts for deed on two apartment buildings that secured the second mortgage. These conveyances constituted a breach of the terms of the mortgage.

Upon the Andas' acknowledgment of the breach, the Andas and the construction company entered into a pretrial agreement which entitled First Federal to foreclose the second mortgage. The parties reserved for trial the question of whether First Federal's three disputed disbursements to itself were authorized.

The trial court concluded that First Federal had received authorization from Anda to make the disbursements. The court also held that the Andas had waived their right to object to the disbursements and had acquiesced in their payment. Appellants now challenge these rulings on appeal.

## ·ISSUES

1. Does the record support the trial court's finding that the three disputed disbursements were authorized by Anda?

2. Does the record support the trial court's findings that appellants waived their right to object and acquiesced in First Federal's payment of the three disbursements?

3. Is First Federal entitled to an award of attorney's fees and expenses incurred as the result of this appeal?

## ANALYSIS

█ We will not disturb the trial court's findings unless they are clearly erroneous. Rule 52.01, Minn.R.Civ.P. A finding is clearly erroneous if it is demonstrated that it is without substantial evidentiary support or that it was induced by an erroneous view of the law. *Ortendahl v. Bergmann,* 343 N.W.2d 309 (Minn.App.1984). *See Pettibone Minnesota Corp. v. Castle,* 311 Minn. 513, 247 N.W.2d 52 (1976).

## I

In making its determination that the disbursements were authorized, the trial court relied on the 1979 Stipulation, the loan commitment letter, the second mortgage and mortgage note, and the Andas' personal guaranty. The court viewed these documents as integral parts of a legally binding agreement which authorized First Federal to make the three disputed disbursements.

Both parties agree that the May 16, 1980, commitment letter is crucial in determining whether the three disputed disbursements were authorized. The letter provides, in part:

This loan is made on the condition the proceeds will be used for the completion of the 47 unit building on Partridge Street and that proceeds will be held by the association *and disbursed as authorized by you.*

(Emphasis added).

Anda claims that he did not authorize the three disbursements that are the subject of this suit. The record, however, contains substantial evidence that First Federal received Anda's authorization before it disbursed the loan proceeds.

Martin Kilroy, executive vice president of First Federal, testified that First Federal explicitly told Anda during the negotiation periods leading up to the December 1979 Stipulation and June 1980 closing that it would not agree to a second mortgage unless the first mortgage was made current. Kilroy also stated that First Federal required that Anda agree to pay its attorney's fees for work done regarding the Tropicana. According to Kilroy, Anda understood that it was First Federal's policy to have the first mortgage current before taking a second mortgage on property.

Testimony also showed that Anda had received periodic statements of the loan-in-process account, which itemized all disbursements. Anda did not protest the disbursements until seven months after this lawsuit was commenced.

■■ Although the testimony offered at the trial was conflicting, the judge chose to believe First Federal's witnesses. Where the evidence is partly oral and the balance is written, and where the written evidence does not render the credibility of the oral testimony extremely doubtful, the appellate court should defer to the trial court's assessment of the evidence. *In re Trust Known as Great Northern Iron Ore Properties,* 308 Minn. 221, 225–26, 243 N.W.2d 302, 305 (1976), *cert. den. sub nom., Arms v. Watson,* 429 U.S. 1001, 97 S.Ct. 530, 50 L.Ed.2d 612 (1976). Due regard must be given to the trial court's opportunity to observe the witnesses and assess their credibility. *Fidelity Bank and Trust Co. v. Fitzimons,* 261 N.W.2d

586 (Minn.1977). Here, the written evidence supports the trial court's determinations on the oral testimony. The record fully supports the trial court's finding that the disbursements were authorized by Anda.

Appellants also assert the trial court's conclusion that the three disputed disbursements were authorized is erroneous as a matter of law. Appellants claim that the December 27, 1979, Stipulation was superseded by and merged into the promissory note, mortgage, guaranty, and May 16, 1980, commitment letter under the doctrine of integration. Accordingly, the merger stripped the December 27, 1979, Stipulation of any further force or effect. In the appellants' view, this dissolved any legal claim that the Stipulation authorized the disputed disbursements.

■■ Appellants' integration theory is incorrect. It is well settled that where several instruments are executed as part of one transaction, and they are all consistent with each other, they will be read and construed together even if their terms do not refer to each other. *Anderson v. Kammeier,* 262 N.W.2d 366, 370 n. 2 (Minn.1977); *Marso v. Mankato Clinic, Ltd.,* 278 Minn. 104, 153 N.W.2d 281 (1967); *Anchor Casualty Co. v. Bird Island Produce, Inc.,* 249 Minn. 137, 82 N.W.2d 48 (1957). The Stipulation was clearly a part of the transaction and was consistent with the later documents. Thus, it was proper for the trial court to consider the December 27, 1979, Stipulation in its decision.

## II

The trial court also concluded that the Andas had waived their right to object to the three disputed disbursements, and had acquiesced in First Federal's payment of the three disbursements.

■ Waiver is a voluntary relinquishment of a known right. Both intent and knowledge, either actual or constructive, are essential elements. *Engstrom v. Farmers & Bankers Life Ins. Co.,* 230 Minn. 308, 311–12, 41 N.W.2d 422, 424

(1950). Appellants contend that there is no finding that they *intended* to waive the right to object.

▮ The record supports the trial court's decision. After observing and listening to the witnesses, the trial court decided that the appellants had waived their right to object. The trial court found:

> Defendants were furnished with numerous statements of their loan account with plaintiff. These statements showed the disbursements made with the loan proceeds, including the three disputed disbursements. Defendants made numerous monthly regular payments on the subject note. Notwithstanding the statements of accounts furnished defendants and their payments on the note, defendants never objected to the three disputed disbursements until this lawsuit was commenced and did not amend their pleadings to reflect their objection until January, 1983.

Even if appellants did not waive their right to object to the disbursements, their failure to object to the disbursements within a reasonable time shows acquiescence in the statements of account. The Minnesota Supreme Court has held that "proof of the retention of a statement of account without objection for more than a reasonable length of time may under certain circumstances operate as proof of acquiescence in or an admission of the correctness of the statement * * *." *Kittler & Hedelson v. Sheehan Properties, Inc.*, 295 Minn. 232, 237–38, 203 N.W.2d 835, 839 (Minn.1973) (quoting *Meagher v. Kavli*, 251 Minn. 477, 487, 88 N.W.2d 871, 879 (1958)).

There was ample testimony that it was not until seven months after the suit was commenced that the appellants amended their answer to object to the disbursements although they had received numerous itemized statements of account. The evidence supports the trial court's determination that the appellants acquiesced.

### III

First Federal claims that the second mortgage note and second mortgage entitle it to an award of attorney's fees and expenses for this appeal. Specifically, the note provides that if a suit is brought by First Federal to collect the note, it "shall be entitled to collect * * * all reasonable costs and expenses of suit, including but not limited to, reasonable attorneys' fees." The second mortgage contained similar language allowing First Federal to collect "all legal costs and charges of such foreclosure [by action or advertisement] and the maximum attorney's fee permitted by law, which costs, charges, and fees the mortgagor herein agrees to pay." Appellants contend that the language does not expressly provide for the payment of attorneys' fees on appeal.

The contract provision allowing for attorney's fees in the event of foreclosure is unambiguous and was agreed to by the parties. The record shows that Roger Anda has had extensive dealings in real estate and that he is a sophisticated borrower. To deny attorney's fees on appeal would be to set aside a provision that was considered and agreed upon between the parties. "[I]t is not for this court to create or add exceptions to the contract or to remake it in behalf of either of the contracting parties." *Telex Corp. v. Data Products Corp.*, 271 Minn. 288, 295, 135 N.W.2d 681, 687 (1965).

Further, the contractual provision is authorized by statute. Minn.Stat. § 582.01, subd. 1 (1982), provides:

> The mortgagor may, in the mortgage, covenant to pay or authorize the mortgagee to retain an attorneys fee in case of foreclosure * * *.

▮ Given the express statutory authorization and the language of the second mortgage note and mortgage, we believe First Federal is entitled to an award of attorney's fees. The requested sum of $2,115 is awarded to the respondent.

### DECISION

The record supports the trial court's finding that the three disputed disbursements were authorized by Anda. In addition, the

record supports the trial court's finding that appellants waived their right to object and acquiesced in First Federal's payment of the three disbursements. We award First Federal the sum of $2,115 for attorney's fees incurred in the appeal.

Affirmed.