
In re the Marriage of Carol G. BRINK,
Petitioner, Appellant,

v.

Robert G. BRINK, Respondent.

No. C7–86–820.

Court of Appeals of Minnesota.

Nov. 18, 1986.

Thomas A. Janson, Schmitt, Johnson, Marso & Janson, St. Cloud, for appellant.

James G. Metcalf, Metcalf & Larson, Monticello, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Appellant, Carol Brink, and respondent, Robert Brink, both petitioned the trial court to have their dissolution judgment amended to include omitted property. The trial court found that respondent was entitled to all the proceeds from a contract for deed on property appellant and respondent owned as joint tenants. Appellant argues that she is entitled to one-half of the proceeds from the contract for deed and that the trial court abused its discretion in finding that she had abandoned the property in question during the parties' marriage. We reverse and remand.

## FACTS

Appellant and respondent were married in March 1974, at which time both had nonmarital assets in the form of cash and real property. They maintained separate bank accounts during their marriage but shared both their income and expenses.

Respondent testified that he and appellant had calculated all of their obligations and income and had then equally divided their expenses. To achieve this equal divi-

sion appellant deposited $200 each month into respondent's bank account. Appellant also deposited into respondent's account contract for deed payments she was receiving from her nonmarital property. Respondent then paid the mortgage payments still owing on this property from his account and retained the profit of approximately $35 to $40 each month in his account.

In 1976, while they were married, the parties purchased a fourplex as investment property. In order to make the down payment of approximately $15,000 appellant transferred $5,000 to respondent's bank account and respondent then made the down payment from his account. Appellant and respondent assumed ownership of the property as joint tenants with right of survivorship. Respondent was responsible for maintaining the property because he had recently retired, while appellant was still employed full-time. The rents earned from the property were deposited into respondent's account. The expenses incurred were also paid from respondent's bank account.

Because of problems with the tenants, appellant and respondent agreed to sell the fourplex in March 1978. The property was sold under a contract for deed that provided for monthly payments and a final payment in 1985 of $16,152.48. In August 1978, respondent gave appellant a check for $5,000, representing the amount she had contributed to the down payment for the fourplex.

In 1983 appellant and respondent decided to proceed with the dissolution of their marriage. Without the assistance of legal counsel, they entered into a stipulation regarding the division of property. The stipulation provided in part that "each party is awarded all stocks, bonds, contracts for deed, tax sheltered annuities, or other equity which are in his or her name."

The stipulation made no reference to the contract for deed payments on the fourplex. Appellant testified that at the time the parties formulated the stipulation she had forgotten that they owned the fourplex. She stated that the property had been sold five years earlier and that since that time she had had no involvement with the property because the contract for deed payments had been going directly into respondent's bank account.

She was reminded of this asset when the final payment on the contract for deed came due and respondent sent her a letter asking her to sign the quitclaim deed to the property. Appellant refused, and the parties then petitioned the court to clarify the distribution of the contract for deed proceeds as well as other omitted personal property.

The trial court found that the parties on their own had reached a "fair and equitable division of their personal property, including items that were not specified in this Stipulation * * *." With regard to the contract for deed proceeds, the court found:

## XII.

That [appellant] made no addition [sic] cash contributions and any labor or effort on her part towards the maintenance of the premises was negligible.

## XIII.

That it was within four months after the parties had purchased said property, [appellant] repeatedly expressed to [respondent] of her intent to be relieved of any involvement with the property and demanding the return of her $5,000 investment.

## XIV.

That the parties sold said four-plex by a contract for deed in March of 1978, receiving a down payment of $9,457.86 and shortly thereafter, [appellant's] $5,000.00 investment was returned to her by [respondent]. * * * Thereafter [respondent] regarded [appellant's] interest in said property to be terminated.

## XV.

* * * [T]he amount the parties received on the contract paid to them was $100.00 greater than the amount the parties paid on their contract, which amount was handled by the Respondent with [appellant's] knowledge and [appellant] made no claim thereto.

*    *    *    *    *    *

## XVII.

That [appellant] was aware of the payments being received and disbursed upon said four-plex and she prepared the stipulation between the parties, as more particularly appears from the files and records therein, without making reference to it, in effect having abandoned any interest she had in it, after receiving the return of her investment.

The amended judgment awarded respondent all the proceeds from the sale of the fourplex and an appeal was taken from the amended judgment.

## ISSUES

1. Did the trial court abuse its discretion in finding that appellant had abandoned her rights to property acquired during the parties' marriage?

2. Did the trial court err in concluding that respondent was entitled to all contract for deed payments on property held in joint tenancy by the parties and acquired during their marriage?

## ANALYSIS

### I.

Appellant did not make a motion for a new trial or amended findings but appealed directly from the amended judgment. Therefore, on appeal the only issues addressed are: "whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment." *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). *See also Sauter v. Wasemiller,* 389 N.W.2d 200, 201 (Minn.1986).

This court will not disturb the finding of a trial court unless it is clearly erroneous either because it is without substantial evidentiary support or because it was induced by an erroneous view of the law. *Pettibone Minnesota Corp. v. Castle,* 311 Minn. 513, 514, 247 N.W.2d 52, 53 (1976). The trial court here found that appellant had abandoned any interest she had in the contract for deed after receiving the return of her investment. We must conclude that this finding was clearly erroneous.

We are aware of no legal theory under which a party to a dissolution who unintentionally omits an asset from a property division is considered to have abandoned his or her rights to that asset. The record does not support a finding of abandonment on any basis. Appellant may have expressed her dissatisfaction and disinterest in the fourplex and may have acquiesced in respondent's receipt of the monthly contract for deed payments, but there is no evidence of any oral or written expressions by appellant that she intended to relinquish her interest in the property. The parties' financial arrangement may have included separate bank accounts, but the evidence shows that the parties commingled their income and shared their expenses. Thus, the transfer of the $5,000 between the parties and the fact that the contract for deed payments were deposited into respondent's bank account cannot support a finding that appellant intended to terminate her interest in the property when the parties' funds were so intermingled.

### II.

The trial court awarded all the proceeds from the contract for deed to respondent. In dissolution cases, a trial court has broad discretion when dividing marital property and its decision will only be reversed upon an abuse of that discretion. *Taylor v. Taylor,* 329 N.W.2d 795, 797 (Minn.1983).

The division of marital property is controlled by Minn.Stat. § 518.58 (1984) which provides in part:

* * * the court shall make a just and equitable division of the marital property

of the parties without regard to marital misconduct, after making findings regarding the division of the property. The court shall base its findings on all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party.

*Id.* While a distribution under section 518.-58 must be equitable it need not be equal. *Nolan v. Nolan,* 354 N.W.2d 509, 513 (Minn.Ct.App.), *pet. for rev. denied,* (Minn. Dec. 20, 1984). We note, however, that the parties strove to achieve an approximately equal division of the property covered by their stipulation[1] and also of property not included in the stipulation, but later divided equally by agreement.

█ An application of the factors enumerated in section 518.58 may support an apportionment of the proceeds from the contract for deed on a basis other than equality. The trial court's findings at present, however, do not support the division it made. The trial court abused its discretion when it based its conclusion on the erroneous theory that appellant had abandoned her rights to the contract for deed and did not consider the factors under section 518.58 for making a just and equitable division of marital property. Therefore, we must reverse the trial court's judgment and remand this case for further findings under section 518.58.

## DECISION

The trial court's finding that appellant abandoned her interest in marital property was clearly erroneous. The trial court abused its discretion by dividing marital property without considering the factors in Minn.Stat. § 518.58.

Reversed and remanded.

---

1. Appellant attempts to argue on appeal that the language of the stipulation was clear and unambiguous and provided for an equal division of the contract for deed proceeds. This argument was not raised before the trial court. Rather, appellant argued at trial that the property had been omitted from the original judgment and decree. Generally this court considers only those issues that were presented to and considered by the trial court and therefore we will not address appellant's argument. *See Thayer v. American Financial Advisors, Inc.,* 322 N.W.2d 599, 604 (Minn.1982).