The FIRST NATIONAL BANK OF
SHAKOPEE, Respondent,

v.

EDISON HOMES, INC., f.k.a. Ardmor,
Inc., Appellant.

No. C8-87-1405.

Court of Appeals of Minnesota.

Nov. 24, 1987.

Dennis P. Moriarty, Jaspers, Moriarty & Walburg, P.A., Shakopee, for respondent.

William Ress Skolnick, Meshbesher, Singer & Spence, Ltd., Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LOMMEN *, JJ.

## OPINION

A. PAUL LOMMEN, Acting Judge.

This appeal is from a judgment for damages arising from a contract dispute. The trial court concluded appellant breached its contract with respondent by failing to repurchase a mobile home contract after default. Appellant claims the trial court misapplied the doctrine of impossibility to excuse respondent's failure to first tender possession of the mobile home within 90 days. We reverse.

## FACTS

In 1982 and 1983 appellant, Edison Homes, Inc., formerly known as Ardmor, Inc., executed mobile home installment contracts with seven buyers and immediately assigned those contracts to the First National Bank of Prior Lake. The contracts were on pre-printed forms and contained a

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. 6, § 2.

repurchase provision which is the subject of this appeal:

REPURCHASE. If the Bank repossesses the Property, the Seller will upon demand purchase this Contract from the Bank for the full amount then remaining unpaid, *provided that the Bank offers to reassign this Contract and tenders possession of the Property to the Seller within 90 days after maturity of the earliest installment still in default* * * *.

(Emphasis added.)

In negotiating the 90–day limitation, appellant's president, Gerald Toberman, testified he and representatives of the First National Bank of Prior Lake believed the limitation allowed the bank sufficient time to repossess the mobile home after default and protected appellant from excessive depreciation before repurchasing.

In May 1984 the Federal Deposit Insurance Corporation (FDIC) closed the First National Bank of Prior Lake, which later reopened as a branch of respondent First National Bank of Shakopee. The FDIC required respondent to purchase the seven mobile home contracts, one of which was between appellant and Richard T. Schroeder (the Schroeder contract).

Subsequently, the Schroeder contract went into default. The last payment was made on December 10, 1984 for the November 1984 installment. No payment was received December 15, 1984 when the December 1984 installment was due. Although aware of the default, respondent made no efforts to gain possession of the mobile home at that time.

Two months later, on February 15, 1985, respondent sent a letter notifying appellant the December, January and February payments on the Schroeder contract were overdue. Respondent also gave notice of its intent to enforce the repurchase provision of the contract should repossession become necessary.

On April 10, 1985, approximately 115 days after the December 1984 default, respondent sent appellant another letter offering to tender possession of the mobile home and requesting appellant pay the balance owing on the contract. Appellant denied any obligation to repurchase because the mobile home was not repossessed and tendered within 90 days after the first default.

In July 1985 respondent commenced this action against appellant for declaratory relief establishing the parties' rights under all seven contracts and damages arising from appellant's refusal to repurchase the Schroeder contract. Respondent took actual possession of the Schroeder mobile home after it was abandoned in April 1985 and maintained lot payments until it was sold to a wholesale dealer in December 1985 for $3,900.

At trial, respondent contended that its own policy of waiting 15 days after an installment payment becomes due, combined with the relevant statutory time requirements for repossessing a mobile home, made it impossible to tender possession of the Schroeder mobile home within 90 days. The trial court agreed and applied the doctrine of impossibility to excuse respondent's nonperformance within the 90 day limitation. The court found the parties instead intended respondent tender possession within a reasonable time. The court further found respondent acted within a reasonable time and appellant was then obligated to repurchase the Schroeder contract. Because appellant did not repurchase, the court concluded appellant breached the parties' contract, entitling respondent to damages.

The court ordered appellant to pay the unpaid balance owing under the contract plus respondent's expenses of sale totaling $21,186.92. The court later denied appellant's motion for a new trial. Appeal is made from the judgment entered April 24, 1987 and post-trial motion.

## ISSUE

Did the trial court properly apply the doctrine of impossibility to excuse respondent's nonperformance under the parties' contract?

## ANALYSIS

1. In reviewing the decision of a trial court, the appropriate scope of review is that a trial court's finding is not to be disturbed unless clearly erroneous, either upon a clear demonstration that it is without substantial evidentiary support or that it was induced by an erroneous view of the law. *See Pettibone Minnesota Corp. v. Castle,* 311 Minn. 513, 514, 247 N.W.2d 52, 53 (1976) (per curiam).

In *Powers v. Siats,* 244 Minn. 515, 70 N.W.2d 344 (1955) the supreme court discussed the doctrine of impossibility stating:

> [P]erformance of a contractual duty may be excused when, due to the existence of a fact or circumstances of which the promisor at the time of the making of the contract neither knew nor had reason to know, performance becomes impossible, or becomes impracticable in the sense that performance would cast upon the promisor an excessive or unreasonably burdensome hardship, loss, expense, or injury.
>
> \* \* \* \* \* \*
>
> A mere difficulty of performance does not ordinarily excuse the promisor, but where a great increase in expense or difficulty is caused by a circumstance not only unanticipated but inconsistent with the facts which the parties obviously assumed as likely to continue, the basic reason for excusing the promisor from liability may be present.

*Id.* at 520–21, 70 N.W.2d at 348–49 (footnotes omitted).

Appellant argues the trial court misapplied the doctrine of impossibility because respondent's performance within the 90–day limitation was not rendered impossible due to facts or circumstances unanticipated at the time the contract was executed. Specifically, appellant contends, at the time of the contract, respondent knew of its policy of not considering an installment contract in default until 15 days after an overdue payment. In addition, appellant asserts respondent knew of the statutory time constraints in effect years before the contract was executed.

We agree. Respondent claims its inability to perform under the contract was unanticipated because it was not an original party to the contract and required to repurchase by the FDIC. But respondent acquires no greater rights under the contract than First National Bank of Prior Lake. *Cf. First & Lumbermen's National Bank v. Buchholz,* 220 Minn. 97, 103, 18 N.W.2d 771, 775 (1945) (holder of contract acquires same rights contract conferred as well as obligations it imposed).

At trial, appellant argued respondent could have gained possession of the Schroeder mobile home within a minimum of 35 days. The Minnesota Mobile Home Repossession Security Act, chapter 327, requires a secured party to wait 30 days after notice before seeking a court order to remove the occupant and chapter 327, requires a secured party to wait 30 days after repossess the mobile home. Minn.Stat. § 327.64 (1986). Once that notice period expires, chapter 565, governing possession of personal property prior to a final judgment, allows a party to gain possession by bringing an appropriate motion which requires only five days notice. Minn.Stat. § 565.23, subd. 3 (1986); Minn.R.Civ.P. 6.04.

The trial court specifically addressed appellant's argument stating "Chapter 565 does not require a judge to issue an order for seizure immediately. Tender of possessor to seller by Bank within 90 days would still be impossible." The relevant statute provides, however, unless certain findings are made, "the court *shall* order seizure of the property \* \* \*." Minn.Stat. § 565.23, subd. 3 (emphasis added). Significantly, respondent made no attempt to gain possession of the Schroeder mobile home at the time of default in order to comply with its obligation under the parties' contract.

Because respondent has not shown performance of its initial obligation under the contract to be impossible, its failure to tender possession of the Schroeder mobile home within 90 days is not excused. Consequently, appellant was under no obligation to repurchase and therefore did not breach the parties' contract by refusing to do so.

## DECISION

The trial court erred in finding respondent's obligation to tender possession of the mobile home within 90 days impossible and misapplied the doctrine of impossibility to excuse nonperformance of that obligation.

Reversed.