Joan GRAFFIUS, et al., Respondents,

v.

CONTROL DATA
CORPORATION, Appellant.

No. C0–89–530.

Court of Appeals of Minnesota.

Oct. 31, 1989.

Barbara A. Leininger, Control Data Corp., Minneapolis, for appellant.

Peter H. Watson, Robert C. Maltzahn, Minneapolis, for respondents.

Heard, considered and decided by FORSBERG, P.J., and SHORT and GARDEBRING, JJ.

## OPINION

SHORT, Judge.

Control Data Corporation appeals from a determination that it unlawfully discharged respondent Joan Graffius because of her gender and age in violation of the Minnesota Human Rights Act, Minn.Stat. §§ 363.01–363.15 (1988). We affirm in part and reverse in part.

## FACTS

Joan Graffius began employment with Control Data in 1973 as a programmer analyst. In April of 1985, Graffius was promoted to Unit Manager in the Supercomputer Software Development Department. At that time, the Supercomputer Software Development Department consisted of six unit managers and three section managers who reported to Raymond Chun, the department manager.

In March of 1985, Control Data implemented a work force and expense reduction, and guidelines were issued which identified factors to be considered when making the reductions. Chun implemented the reduction plan in the department, and informed Graffius that she would be displaced on April 19 and terminated effective May 20, 1985.

On May 28, 1985, Graffius accepted a position with General Electric in Utica, New York. She began work there on June 17, 1985 at a salary of $55,000 per year. She had been earning $45,980 per year at Control Data. Graffius returned to Minnesota in January of 1986 and began a job with Honeywell Corporation at $57,000 per year. She has continued her employment with Honeywell and received two salary increases. Graffius participates in a retirement plan at Honeywell which is similar to the one at Control Data.

The trial court determined that Control Data had discriminated against Graffius on the basis of gender and age in violation of Minn.Stat. § 363.03, subd. 1(2)(c). Graffius was awarded $13,278 for out-of-pocket expenses as a result of moving to New York, and $37,000 for pension loss. Her husband, Joseph Graffius, was awarded $5,000 for loss of consortium. In addition, Graffius was awarded $15,028 in attorney fees. Control Data challenges the finding of liability and the damage award.

## ISSUES

I. Did the trial court err in finding that appellant's reasons for terminating Graffius were a pretext for gender and age discrimination?

II. Did the trial court err in finding that Graffius' husband has a cause of action for loss of consortium under the Minnesota Human Rights Act, Minn. Stat. §§ 363.01–363.15 (1988)?

III. Did the trial court err in awarding damages to Graffius for travel expenses and pension losses incurred in a career move?

## ANALYSIS

The findings of a trial court sitting without a jury will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. "The burden is on the appellant to show that there is no substantial evidence reasonably tending to sustain the trial court's findings." *Lieberman Music Co. v. Hagen,* 404 N.W.2d 290, 292 (Minn.Ct.App. 1987). On review, a trial court's finding will not be disturbed unless clearly erroneous, either upon a clear demonstration that it is without substantial evidentiary support or that it was induced by an erroneous view of the law. *See First National Bank of Shakopee v. Edison Homes, Inc.,* 415 N.W.2d 442 (Minn.Ct.App.1987). We view the evidence in the light most favorable to the trial court's finding that there was a discriminatory discharge, and defer to the trial court's opportunity to judge the credibility of the witnesses. *See Manderscheid v. Beyer,* 413 N.W.2d 227, 229 (Minn.Ct. App.1987).

### I.

■ Appellant argues the trial court's findings regarding discriminatory discharge are unsupported by the evidence. We disagree. Although appellant introduced evidence of a work force reduction which required the elimination of some positions in its Supercomputer Software Development Department, there was substantial evidence that (a) the guidelines for implementation of the reduction were not strictly followed in discharging Graffius, (b) Graffius' supervisors made derogatory and sexist remarks about her work performance, and (c) Graffius was unquestionably an outstanding performer during her employment with appellant. Under these

circumstances, the trial court's finding that appellant's articulated reasons for terminating Graffius were mere pretext for gender and age discrimination is supported by the record.

## II.

 The trial court found that Graffius' husband incurred a loss of consortium in the amount of $5,000 for appellant's termination of Graffius' employment. Appellant argues that finding was induced by an erroneous view of the law. We agree.

 A civil cause of action under the Minnesota Human Rights Act is authorized to grant the forms of relief enumerated in Minn.Stat. §§ 363.071, subd. 2 and 363.14, subd. 2. Lost consortium is not an authorized remedy. Further, compensatory damages are authorized only for an aggrieved party "who has suffered discrimination." Since Graffius' husband was not the victim of discrimination, the trial court was not authorized to compensate him.

We are aware of our duty to construe the Minnesota Human Rights Act liberally to accomplish its purposes. *Continental Can Co. v. State,* 297 N.W.2d 241, 248 (Minn.1980). However, the general purpose of the act is to place the individual who has suffered discrimination in the same position he or she would have been in had no discrimination occurred. *See Brotherhood of Railway & Steamship Clerks, Lodge 364 v. State,* 303 Minn. 178, 195, 229 N.W.2d 3, 13 (1975). This policy would not be enhanced by recognizing a cause of action for consortium. It is contrary to the express words of the act and would not promote the underlying policy of the act. We hold that such a claim is not allowed under the act. The trial court's finding that Graffius' husband is entitled to damages against appellant is therefore reversed.

## III.

 The purpose of the civil damage remedy under the Minnesota Human Rights Act is to return an aggrieved party to the same position that would have been attained had there been no discrimination.

*Anderson v. Hunter, Keith, Marshall & Co., Inc.,* 417 N.W.2d 619, 627 (Minn.1988). The trial court awarded Graffius damages for loss of pension benefits because of the interruption of her career. *See Blum v. Witco Chemical Corp.,* 829 F.2d 367, 374 (3d Cir.1987). The trial court also awarded Graffius damages to compensate her for moving expenses and expenditures necessary to establish herself in New York. There was evidence that these expenses were incurred as a direct result of Graffius' termination by appellant. There is no evidence that accepting a job in and moving to New York was unnecessary, unreasonable or not caused by the termination. Appellant has failed to demonstrate that these awards are not supported by the evidence or erroneous as a matter of law. Under these circumstances, awarding these damages to compensate Graffius was well within the discretion of the trial court.

## DECISION

We affirm the trial court as to the finding of discrimination and the damage award arising from out-of-pocket expenses and pension loss. We reverse as to the award of damages for the loss of consortium claim.

Affirmed in part, reversed in part.