**BUSINESS CREDIT LEASING, INC., Plaintiff,**

v.

**CITY OF BIDDEFORD and Biddeford School Dept., Defendants and Third–Party Plaintiffs,**

v.

**INSTRUCTIONAL SYSTEMS, INC., Third–Party Defendant.**

**Civ. No. 90–0282 P.**

United States District Court, D. Maine.

July 31, 1991.

---

**6.** There is dispute about what type of hearing was requested by ISI and what its purpose might have been.

See also 770 F.Supp. 31.

Michael A. Nelson, Peter B. LaFond, Jensen Baird Gardner Henry, Portland, Me.

Jerrol A. Crouter, Drummond Woodsum Plimpton & MacMahon, Portland, Me.

Elizabeth G. Stouder, Richardson & Troubh, Portland, Me.

Robert E. Rochford, Dunn, Pashman, Sponzilli, Swick & Finnerty, Hackensack, N.J.

## ORDER AFFIRMING IN PART MAGISTRATE'S RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

In this action Plaintiff (BCL) has moved for summary judgment on its breach of contract claim arising out of an equipment lease agreement between it as lessor and Defendant Biddeford School Department (Biddeford) as lessee. The Magistrate Judge recommended that summary judgment be granted on Count I as to liability and damages. Biddeford and Third–Party Defendant ISI have objected to the Magistrate Judge's recommended decision, and as required by 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of the portions of the report to which objection was made.

### Liability of the City of Biddeford

The Biddeford defendants first object to the Magistrate Judge's recommendation that judgment enter against the City of Biddeford as well as the Biddeford School Board. The Magistrate Judge's decision does not state explicitly that it intends the recommended judgment to run against Defendant City of Biddeford. The complaint does not allege any relationship between the City of Biddeford and either BCL or the Biddeford School Department which might form the predicate for imposing liability on the City for the School Department's alleged breach of its lease agreement with BCL. While Plaintiff's brief on the motion asserts that it is in support of the motion for summary judgment against both Defendants, the argument in the brief and the statement of material fact make clear that the motion is based on the lessee Biddeford School Department's failure to make its payments under the lease. The City of Biddeford was not a party to the lease.

██ Although Plaintiff argues that Defendants have waived their opportunity to object to the grant of summary judgment against the City of Biddeford by not presenting such an argument to the Magistrate Judge, the waiver was Plaintiff's. Plaintiff failed to present any argument to the Magistrate Judge showing that there was no genuine issue of material fact and that it was entitled to judgment against the City of Biddeford as a matter of law as required by Fed.R.Civ.P. 56(c). The Supreme Court has stated:

Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying

those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Although Plaintiff in its response to Defendant's objections has belatedly put forth an argument about the City of Biddeford's liability, supported by an affidavit and the city charter, the Court will not consider it. As Plaintiff itself correctly argued, "district court judges on a *de novo* review of a magistrate's report and recommendation should ignore arguments not originally presented to the magistrate." Memorandum of Law in Response to Defendants' ... and Third–Party Defendant's Opposition to Magistrate Judge's Recommended Decision, at 2 (*citing Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 989–991 (1st Cir.1988); *Borden v. Secretary of Health and Human Services*, 836 F.2d 4, 6 (1st Cir.1987)). Accordingly, Plaintiff's Motion for Summary Judgment against the City of Biddeford on Count I will be denied.

### Construction of the Lease

Biddeford and BCL agree with the Magistrate Judge that the form equipment lease between BCL and Biddeford is unambiguous. It provides that Biddeford is in default if, *inter alia*, it fails to pay any rent or other sum owing by the due date. Remedies for default include liquidated damages, interest, expenses and legal fees. The lease also contains an assignment clause prohibiting assignment or removal of the equipment from its location without BCL's prior written consent. The Magistrate Judge found that Biddeford was in default on the lease and therefore liable for liquidated damages and that its argument that it had assigned the lease had no merit. Biddeford argues, however, that the Magistrate Judge erred in his analysis because, having determined that the lease is unambiguous, he mistakenly applied Minnesota's [1] parol evidence rule and failed to consider other parts of the agreement between the parties that would have shown that Biddeford had assigned the lease and therefore was not liable on it. Specifically, Biddeford argues that the parties intended to create a complete transaction involving three parties, with two unambiguous contracts, the lease and the Biddeford–ISI agreement, constituting the integrated deal.[2] Biddeford also argues that the Magistrate Judge erred in recommending implementation of the liquidated damages provision of the lease because it penalizes the Defendant.

The undisputed material facts are set forth accurately in the Magistrate Judge's opinion and will be only briefly summarized here. They show that in April 1989, prior to negotiating the lease with BCL, Biddeford contracted with Third–Party Defendant Instructional Systems, Inc. to provide the school department with computer-assisted instruction. The ISI contract provides that "Biddeford has the right to cancel this agreement after the year of operation. If Biddeford opts to cancel, Instructional Systems will take over the equipment lease and remove the equipment."

1. The lease recites, and no one disputes, that it is governed by Minnesota law.

2. ISI objects to the Magistrate Judge's decision on the grounds that he should have considered all three agreements before determining the parties' obligations. The Court will not consider the arguments of ISI. ISI is in default on the third-party complaint, and this Court has declined, by separate order of this date, to set aside the default. Moreover, even if ISI were in the case, it has not filed an adequate memorandum of law. In violation of Local Rule 19(a), ISI filed briefs without citation to any legal authority both in support of its initial opposition to the motion and in support of its objections here. As the Court has previously made clear, it should not have to speculate as to the direction and content of a party's argument:

> The Court is forced by the failure to present competent legal arguments on the issue ... to expend its limited resources searching for the governing law without any guidance or assistance. This state of affairs is unfair to the Court, the parties in this case and to the other litigants seeking the attention of the Court. There can be no sufficient explanation of, or justification for, such woefully inadequate briefing by attorneys.

*Fournier v. Joyce*, 753 F.Supp. 989, 991 n. 4 (D.Me.1990).

The lease agreement has been described above. Shortly after executing the lease, BCL entered into a remarketing agreement with ISI which provided that in the event of a default by Biddeford, ISI would repossess and store the equipment listed on the lease and attempt to sell it for the outstanding balance owed to BCL on the lease.

 The Court agrees that the Magistrate Judge applied the parol evidence rule too soon in this case. Under Minnesota law "where several instruments are made part of one transaction, they will be read together and each will be construed with reference to the others, although the instruments do not in terms refer to each other." *Marso v. Mankato Clinic, Ltd.*, 278 Minn. 104, 153 N.W.2d 281 (1967). The question of whether the documents are indeed made part of the same transaction and should be read together, however, "is governed by the intent of the parties manifested at the time of contracting and viewed in light of the surrounding circumstances." *Farrell v. Johnson*, 442 N.W.2d 805 (Minn.Ct.App.1989). The Minnesota Supreme Court has stated that "a court need not make a preliminary determination that the language is ambiguous to permit parol evidence for the purpose of interpreting an integration." *Anderson v. Kammeier*, 262 N.W.2d 366 (Minn.1977) (en banc). In *Farrell v. Johnson*, the parties had executed both a closing agreement and a sales agreement. The respondent argued that consideration of the closing agreement was unnecessary since the sales agreement was not ambiguous. The Minnesota Court of Appeals disagreed, stating: "[W]hether simultaneously executed documents will be read together is not contingent upon a finding of internal ambiguity. Ambiguity is simply one circumstance of many under which the trial court will be allowed to look outside the contract to ascertain the parties' intent." *Farrell v. Johnson*, 442 N.W.2d 805. The Minnesota Supreme Court has also made clear that

> [t]he degree to which it is necessary, if at all, to go outside the writing in a particular case and resort to parol evidence for the limited purpose of making it possible to view the written contract in the light

of its subject matter, purpose, and circumstances of execution, as a preliminary step to the ascertainment of the extent to which the writing is an integration of the oral stipulations of the parties, must as a practical matter rest in the discretion of the trial court.

*Jimmerson v. Troy Seed Co.*, 236 Minn. 395, 53 N.W.2d 273, 276 (1952).

 On this *de novo* review, the Court has examined the three separate instruments surrounding the transaction and has read the affidavit of Biddeford School Superintendent Hodge concerning his understanding when he made the agreement. At a hearing on the motion to set aside default, the Court has also heard the testimony of ISI's attorney concerning the relationship between the Biddeford–ISI agreement and the lease. The Court is satisfied that the three documents surrounding this transaction for provision of computer-assisted instruction in the Biddeford schools were not intended to operate together as one contract and that the lease agreement which is the predicate for the Magistrate Judge's decision recommending summary judgment is an integration of Biddeford's and BCL's agreement.

The Court notes first that the three documents were not executed simultaneously. While this is not determinative, *see Anda Construction Co. v. First Federal Savings and Loan Association*, 349 N.W.2d 275 (Minn.Ct.App.1984) (finding that stipulation executed five months prior to promissory note, mortgage, guaranty and commitment letter should be read together with them), most of the cases indicate that "instruments executed at the same time, for the same purpose, and in the course of the same transaction are, in the eyes of the law, one instrument." *See, e.g., Marso v. Mankato Clinic, Ltd.*, 153 N.W.2d 281; *Farrell v. Johnson*, 442 N.W.2d 805 (referring to simultaneously executed documents). That the Biddeford–ISI agreement was executed almost five months before the BCL–Biddeford lease and that the BCL–ISI agreement post-dated the lease by almost two weeks indicate that the agreements, no two of which ran between the

same two parties, were negotiated separately for separate purposes. Although each document in some way acknowledges the existence of other agreements,[3] each agreement can operate separately.[4] Moreover, at the hearing on ISI's motion to set aside default, ISI's attorney testified that ISI did not know the terms of the lease until the beginning of this litigation. If ISI did not have enough interest in the lease to determine its terms before litigation, it is unlikely that the ISI–Biddeford agreement was intended to operate with the lease.

Biddeford Superintendent Hodge states in his affidavit that he discussed the terms of the Biddeford–ISI agreement with BCL, including the provision that if Biddeford opted to cancel that ISI would take over the lease. He states that BCL inspected the Biddeford–ISI agreement. Neither of these facts, of course, is persuasive on the intent of the parties at the time they signed the lease. Mr. Hodge also avers that he signed the lease with the understanding that if Biddeford cancelled, liability under the BCL lease would be transferred from Biddeford to ISI. This "understanding" may represent Mr. Hodge's and Biddeford's valid expectation under the Biddeford–ISI agreement. The Court cannot accept Mr. Hodge's "understanding" as representing the intent of the

parties that the Biddeford–ISI agreement be read as part of the lease agreement.[5] The lease agreement which Mr. Hodge signed is a form agreement with addenda. A form agreement is an unlikely means for expressing an unusual negotiated term. Moreover, examination of the lease form indicates that it is an integrated agreement, despite the fact that it does not contain a specific integration or merger clause. All of the terms that one might expect in a contract are included in the form lease signed by Biddeford Superintendent Hodge, and paragraph one of the lease recites that "Lessor hereby agrees to lease … upon the terms and conditions set forth herein." The Court finds, therefore, that the lease upon which this summary judgment motion is based is an integrated agreement.[6]

The Court is now in the position the Magistrate Judge was in when he began his analysis—with an unambiguous, integrated lease before it. The Court has reviewed and considered the Magistrate's Judge's Recommended Decision together with the entire record and has made a *de novo* determination of all matters to which objection has been raised. This Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision, and having de-

---

**3.** Both the Biddeford–ISI agreement and the BCL–ISI agreement refer to the lease, and the lease names ISI as the provider of the leased equipment.

**4.** As the Court in *Anderson* stated, in finding a three document transaction a divisible contract for purposes of rescission:

Each of the agreements was of a different type and each allocated a specific consideration to its performance. The amount of consideration allotted to each agreement was bargained for by the parties. The performance of each party specifically was divided into several parts and the consideration was apportioned accordingly.

*Anderson v. Kammeier,* 262 N.W.2d 366.

**5.** The Minnesota Supreme Court made clear in *Jimmerson,* 53 N.W.2d 273, that while parol evidence may disclose the subject matter, purpose and circumstances of execution of a document for determining its integration, "[u]nder no circumstances is it permissible to prove the contract incomplete by going outside the writ-

ing and proving that there was an oral noncollateral stipulation entered into not contained in the written agreement." Thus, the Court will not entertain Mr. Hodge's "understanding" to prove that there was an oral stipulation that execution of the lease constituted written consent to assign under it, despite the unconditional requirement of consent to assign found in the written agreement.

**6.** Biddeford suggests that it is entitled, pursuant to Fed.R.Civ.P. 56(f), to discover by deposition whether BCL's representatives had the same understanding as Superintendent Hodge. Rule 56(f), however, is not an entitlement to discovery. It provides that the Court may order discovery "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Biddeford has not submitted a Rule 56(f) affidavit either here or before the Magistrate Judge. Moreover, it did not even raise the possibility of Rule 56(f) discovery before the Magistrate Judge, thus waiving that issue.

termined that no further proceeding is necessary; it is

ORDERED as follows:

(1) Plaintiff's Motion for Summary Judgment on Count I as to Defendant City of Biddeford is hereby *DENIED;*

(2) The Recommended Decision of the Magistrate is hereby *AFFIRMED* as discussed in the foregoing opinion;

(3) BCL's motion for summary judgment on Count I is hereby *GRANTED* against Defendant Biddeford School Department as to liability and as to the following damages:

(a) Outstanding October 1990 payment $125,000.00
3 future payments discounted by 8% 322,137.12

 $447,137.12

(b) Interest on $447,137.12 at the rate of 8% per annum commencing July 1, 1990.

(c) Reasonable attorney's fees.

Counsel should confer within ten days of the date of this order to agree upon reasonable attorney's fees. If they are unable to agree, the parties should file submissions on the issue of fees within twenty days of the date of this order, and the Court will resolve the matter.

SO ORDERED.