# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GARY MICHAEL TRAVER,

        Defendant-Appellant.

FOR PUBLICATION
August 2, 2016

No. 325883
Mackinac Circuit Court
LC No. 2012-003474-FH

Before: GLEICHER, P.J., and SAWYER and M. J. KELLY, JJ.

SAWYER, J. (*dissenting*).

I respectfully dissent.

Defendant's expressed satisfaction with the instructions as given by the trial court waived any claimed error in the instructions themselves. *People v Kowalski*, 489 Mich 488, 504-505; 802 NW2d 200 (2011). However, defendant also claims that his counsel was ineffective for failing to raise certain objections to the jury instructions. Accordingly, this Court's review is limited to determining if there was ineffective assistance of counsel. Moreover, because defendant did not move for a new trial or an evidentiary hearing on his claim of ineffective assistance, our review is limited to mistakes apparent on the existing record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

"To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his attorney's performance was objectively unreasonable in light of prevailing professional norms; and (2) that he was prejudiced by the deficient performance." *People v Walker*, 497 Mich 894, 895; 855 NW2d 744 (2014). We approach a claim of ineffective assistance with a "strong presumption that counsel's challenged actions were sound trial strategy." *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015). Accordingly, "[t]his Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Garza*, 246 Mich App 251, 255; 631 NW2d 764 (2001). In order to demonstrate prejudice, "the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001). "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *Id*. at 600.

-1-

Defendant first argues that the trial court's felony-firearm instructions left the jury with no choice but to find him guilty of the offense once it found him guilty of felonious assault. The trial court instructed the jury, at defense counsel's behest, as follows: "If you do find the defendant guilty in count one, two or three and understand, in your belief, that a weapon was used to commission those crimes, then count four would be applicable."

Defendant has failed to establish the factual predicate of his argument. The court only stated that felony-firearm would be "applicable" in the identified circumstances, not that the jury must find defendant guilty. In other words, what the court told the jury was that consideration of the felony-firearm charge was appropriate or relevant if and only if it found defendant guilty of one or more of the other charged crimes and that a weapon was used in the commission of the crime(s).

Nonetheless, I would agree that the court's instruction was erroneous. "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Johnson*, 293 Mich App 79, 82-83; 808 NW2d 815 (2011). Thus, a conviction of an underlying felony is not an element of felony-firearm; the jury must only find that a defendant committed *or attempted* to commit a felony. *People v Lewis*, 415 Mich 443, 453-454; 415 NW2d 443 (1982). The court compounded this error when it instructed, "If . . . you find the defendant not guilty of the other three counts, you cannot find him guilty of the felony firearm." This error, however, worked to defendant's advantage in that it took away from the jury the discretion to find him guilty of felony-firearm while acquitting him of the underlying felony. *Id*. Additionally, because a defendant need only carry or have a firearm in his possession during the commission or attempted commission of a crime, the court's instruction that the felony-firearm charge was only applicable where the jury concluded "that a weapon was used to commission" any of the underlying crimes for which the jury found defendant guilty was erroneous.[1] In short, the prejudice in this instruction was against plaintiff, not defendant.

Defendant also argues that he was prejudiced by the cited instruction in light of the fact that the court failed to instruct the jury that it could find him guilty on all, some, or none of the charged crimes in accordance with M Crim JI 3.20.[2] However, the "use of the standard criminal

---

[1] This portion of the instruction was also wrong because a defendant cannot be found guilty of felony-firearm if the underlying crime is CCW. MCL 750.227b(1) ("A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, 227, 227a, or 230, is guilty of a felony and shall be punished by imprisonment for 2 years."). This error would have prejudiced defendant had the jury found him guilty of CCW. But because it did not, the error was harmless.

[2] M Crim JI 3.20 provides as follows:

> (1) The defendant is charged with _____ counts, that is, with the crimes of _____ and _____. These are separate crimes, and the prosecutor is charging that the defendant committed both of them. You must consider each crime separately in light of all the evidence in the case.

jury instructions is not mandatory and they are not binding authority." *People v Williams*, 288 Mich App 67, 76 n 6; 792 NW2d 384 (2010). Furthermore, in the context of general instructions addressing the general concept of a charged crime, the court instructed the jury that "[i]f you find that the prosecutor has not proven every element beyond a reasonable doubt, then you must find the defendant not guilty." This instruction speaks to how the jury must approach consideration of each crime charged. Moreover, as noted above, in its attempt at clarifying the felony-firearm instruction, the trial court did refer to the jury's finding defendant guilty on counts one, two *or* three. This had the effect of informing the jury that it need not find defendant guilty on all counts. Additionally, the jury did, in fact, acquit defendant on some of the charges, while convicting him on others. Thus, it is clear that the jury understood that it was to consider each charge separately. Defendant is unable to establish prejudice by the omission of this instruction.

Defendant next argues that the trial court effectively took away from the jury consideration of one of the elements of felonious assault when it stated that a pistol was admitted into evidence and that a pistol is a firearm, which is dangerous per se. The elements of assault with a dangerous weapon are "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Bosca*, 310 Mich App 1, 20; 871 NW2d 307 (2015) (internal quotation marks and citation omitted). "When a trial court instructs that an essential element of a criminal offense exists as a matter of law, error requiring reversal will be found." *People v Tice*, 220 Mich App 47, 55; 558 NW2d 245 (1996).

Again, defendant fails to establish the factual predicate of his claim of error. The trial court did not state that defendant had a firearm or dangerous weapon during the alleged assault, but rather that "[o]ne of the exhibits has been a pistol" and that a pistol "*can be* considered a dangerous weapon." (Emphasis added.) Hence, the essential elements of whether defendant assaulted St. Andre and whether he did so with a dangerous weapon were left for the jury. Furthermore, the court did not err in stating that a pistol can be a dangerous weapon because, by statute, "a pistol or other firearm" is a dangerous weapon. MCL 750.226(1).[3] Defense counsel cannot be deemed to have rendered ineffective assistance predicated on the failure "to make a meritless request or objection." *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014).

Finally, defendant argues that the trial court erred by not instructing the jury "on all the elements of the crimes." In response, plaintiff asserts the court provided the jury with "written instructions that contained the elements of each of the felony counts," which it attached as an exhibit to its brief on appeal. Plaintiff bases this assertion on the following statement made by the court to the jury: "To prove the charges, the prosecutor must prove beyond a reasonable doubt the following information *that you have in your hand*." (Emphasis added.) Defendant maintains that "it is unknown what was given to the jury as this is not part of the record."

---

> (2) You may find the defendant guilty of all or [any one / any combination] of these crimes [, guilty of a less serious crime,] or not guilty.

[3] "A person shall not, with intent to use the same unlawfully against the person of another, go armed with a pistol or other firearm . . . or any other dangerous or deadly weapon or instrument."

Although there is no copy in the record of what was given to the jury, the trial transcript strongly supports plaintiff's position that the jury received written instructions of each crime's elements. Specifically, after the jury was chosen, the court asked the court deputy to "pass these out to the jurors." Shortly thereafter, the court asked the jury "to look now at what has been passed out to you." The court then went over the elements for CCW and then stated, "Now, as you can see in count two and count three, and count four, *those are the elements*, ladies and gentlemen, that you will need to pay attention to during the course of this trial." (Emphasis added.) Then, before dismissing the jurors to the jury room, the court stated:

> When you go to the jury room, ladies and gentlemen, you will be provided with a written copy of these instructions should you so choose. If there are instructions that I have given and others that I will that you wish copies of, they will be provided to you. *You've already received the charges and the elements of the same.* [Emphasis added.]

Plaintiff's position is further bolstered by defense counsel's contention that he had a "problem with count four" because it was unclear "that there has to be an underlying felony before . . . they could find anybody guilty of count four." As the court's oral instructions did not explain the elements for felony-firearm, defense counsel had to be referring to a written instruction. Instead, they merely defined "possession." It is clear that the jury did receive written instructions regarding the elements of the charged offenses. Additionally, with respect to the felony-firearm charge, the trial court did, at counsel's request, clarify the instruction. As noted above, although the clarification was inaccurate, the inaccuracies actually worked to defendant's advantage as they created a higher burden on the prosecution than which the law requires.

No prejudicial error having been shown with respect to instructing on the elements of the crimes charged, defendant's claim of ineffective assistance predicated on same is without merit. *Chelmicki*, 305 Mich App at 69. However, I do wish to address the majority's concerns with the fact that much of the jury instructions on the elements of the crime were given only in written form, not read aloud to the jury.

First, I note that defendant barely presents an argument on this point. In one sentence in his brief, defendant states that "the trial court omitted reading the elements of the count of felonious assault and the count of felony firearm; coincidentally, the two counts the Defendant-Appellant was found guilty of." Defendant, however, does not address the fact the trial court had provided written instructions, nor does defendant address any issue regarding whether it is legally adequate to only provide written instructions or whether all instructions must also be read aloud to the jury.

Nonetheless, without the assistance of adequate briefing by defendant, the majority ventures off into this issue and attempts to create the requirement of instructions being read aloud without providing any actual basis that such a requirement exists. While the majority looks to the court rules regarding instruction of the jury in criminal cases, none of those rules specifically require that the jury be verbally instructed, rather than instructed in writing. It then states, without reference to any authority, that judges instruct juries by reading the instructions

out loud. While I do not doubt that this is the customary practice, that it is customary does not translate into it being a required practice.

The majority then turns to the dictionary to find that the word "instruct" is defined as "to teach." Then, without even turning to the dictionary, the majority pronounces that teaching is a verbal experience. Again, while teaching often is verbal, that does not mean that it must be verbal.

In short, the majority points to no established authority in this state that jury instructions must be verbal rather than written. While this may be the customary, and perhaps even the preferred, practice, that does not mean that it is the required practice. And we must not forget that defendant did not object to the trial court's engaging in this practice. So, because we must analyze this issue as one of ineffective assistance of counsel, in order to reverse, we must be able to reach the conclusion that there is a reasonable likelihood that a different result would have occurred absent the error. So, even if I were to accept the proposition that providing some of the instructions only in writing is, in fact, error, I am not persuaded that this error resulted in prejudice to the defendant. That is, neither defendant nor the majority can make the case that there is a reasonable likelihood that defendant would have been acquitted had the instructions been spoken rather than just provided in writing.

I also disagree with the majority's analysis of defendant's argument that he received ineffective assistance of counsel during the withdrawal of his plea agreement. There is no indication in the record as to whether defense counsel informed defendant of the consequences of withdrawing his plea agreement. And, because defendant did not raise the issue of ineffective assistance of counsel below, our review is limited to the record before us and defendant has not established a factual predicate for his claim and the presumption that defense counsel acted effectively is not undermined. *Hoag*, 460 Mich at 6. Similarly, the record fails to show that the alleged error prejudiced defendant. There is nothing in the lower court record showing that he would not have sought a withdrawal of the plea had he been informed of the possible felony-firearm charge. Defense counsel stated at the hearing that defendant was seeking a withdrawal of the plea agreement because he was innocent of the charges and because he was concerned that his status as a marijuana caregiver was being impacted. That a charge of felony-firearm may have been brought does not negate those motivating factors.

In sum, I am not persuaded that defendant has established that he received ineffective assistance of counsel. I would affirm.


/s/ David H. Sawyer